(October 11, 2001)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY GILLESPIE, Appellant. [731 NYS2d 21] —Judgment, Supreme Court, New York County (Michael Corriero, J.), rendered September 27, 1999, convicting defendant, after a jury trial, of burglary in the second degree, and sentencing him, as a second violent felony offender, to a definite term of 15 years, unanimously affirmed.

Over the course of a stormy, year-long relationship, defendant had often threatened his girlfriend with bodily harm, including alleged threats to "fire bomb" or "burn" her out. On one occasion he actually broke her shoulder and lacerated her forehead, but she declined to press criminal charges. Their rocky romance came to an end in 1996, but they remained in contact, and she even invited defendant to dinner at her apartment for Thanksgiving in 1998. On that occasion, defendant once again became abusive, and the girlfriend asked him to leave, although she gave him a plate of food to take with him. Defendant allegedly repeated his threat, as he left, to "fire bomb" her. Shortly thereafter, the plate of food was smashed against the outside of the front door to her apartment. As the girlfriend and her son went out to clean up the mess, defendant threatened to hurt her and her family. At this point the son called the police, who responded and searched the building

but were unable to find defendant. Two hours later, defendant knocked on the apartment door, but the girlfriend refused to answer. Defendant then allegedly tossed against the door a device similar to a Molotov cocktail—a beer bottle containing liquid with a partially singed paper bag protruding from the neck. The police were again summoned, and this time they apprehended defendant just outside the building.

Second-degree burglary involves the intentional commission of a crime after knowingly entering or remaining unlawfully in a building (Penal Law § 140.25). The indictment charged that defendant "knowingly entered and remained unlawfully in the dwelling of [the victim] with intent to commit a crime therein." On appeal, defendant objects to the submission of an annotated verdict sheet which instructed the jury, without his consent, to choose between these alternate theories of burglary, namely, based on "unlawfully enter[ing]" or "unlawfully remain[ing]" in the building, a totally unnecessary election because a conviction based on either theory would have satisfied the statutory definition of burglary in the second degree.

The Court of Appeals ruled, in 1996, that a Trial Judge may not submit to a jury a verdict sheet that is annotated with statutory text or a listing of elements of crimes charged in the indictment without the consent of the parties (*People v Damiano*, 87 NY2d 477). Shortly thereafter, CPL 310.20 (2) was amended to permit a criminal trial court to set forth on a jury verdict sheet certain names, dates or specific statutory language, the purpose being to distinguish between various counts charging a violation of the same section of the law. Surprisingly, neither defendant nor the People has perceived the significance of this statutory amendment on the disposition of this appeal.

The case at bar involves a solitary count of burglary (obviously based on a single section of the Penal Law), rather than separate counts, and the court never provided any explanation to the jury as to why they were being asked to consider alternatives pertaining to the time when defendant had formulated a criminal intent. This refined distinction sought by the court was, to be sure, superfluous.

In our view, the additional submission of the trial court, eliciting, as it does, a purely temporal distinction, is in fact expressly protected by the statute as amended. The mere fact that the distinction was immaterial simply reinforces a conclusion that the submission could not have prejudiced defendant as a matter of law.

We have reviewed defendant's other points, including those

raised *pro se*, and find them to be without merit. Concur—Sullivan, P. J., Mazzarelli, Ellerin, Wallach and Lerner, JJ.