■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEPHEN WILLIAMS, Appellant. [739 NYS2d 664] —Judgment, Supreme Court, New York County (Charles Solomon, J.), rendered October 5, 1999, convicting defendant, upon his plea of guilty, of attempted robbery in the second degree, and sentencing him, as a second violent felony offender, to a term of five years, unanimously affirmed.

Viewing the record as a whole, we find that defendant received meaningful representation (*see, People v Benevento,* 91 NY2d 708, 713-714; *People v Ford,* 86 NY2d 397, 404). The fact that defendant's original attorney made an untimely motion to dismiss the indictment on the ground that defendant had been deprived by the People of his right to testify before the grand jury, resulting in the denial of that motion for untimeliness, was insufficient to establish ineffective assistance (*People v Wiggins,* 89 NY2d 872; *People v Hook,* 246 AD2d 470, *lv denied* 92 NY2d 853; *People v Bundy,* 186 AD2d 357, *lv denied* 81 NY2d 837). Even assuming that the original attorney had made a timely and successful motion and that defendant had testified before the grand jury on the second presentation, there is no indication that defendant's testimony would have affected the result of the proceedings. In any event, it should be noted that defendant pleaded guilty, and that a guilty plea generally forfeits procedural challenges to the grand jury process (*People v Hansen,* 95 NY2d 227). "Likewise such a plea, entered on advice of competent counsel, constitutes a forfeiture of a claim of prior ineffective assistance of counsel on the part of a former attorney where the full measure of the asserted derelictions of the first attorney were known to the second attorney who nonetheless counseled acceptance of the plea." (*People v Petgen,* 55 NY2d 529, 532.)

Defendant's constitutional challenge to the procedure under which he was sentenced as a second violent felony offender is unpreserved for appellate review and, in any event, is without

merit (*see, People v Rosen*, 96 NY2d 329, *cert denied* 534 US —, 122 S Ct 224). Concur—Williams, J.P., Lerner, Buckley, Friedman and Marlow, JJ.