THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JULIUS SCALERCIO, Appellant. [781 NYS2d 745]—Appeal by the defendant from (1) a judgment of the Supreme Court, Suffolk County (Copertino, J.), rendered April 29, 2002, convicting him of attempted robbery in the first degree, attempted robbery in the second degree, attempted burglary in the first degree, criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree (two counts), attempted criminal impersonation in the first degree, and conspiracy in the fourth degree, upon his plea of guilty, and imposing sentence, and (2) an amended judgment of the same court also rendered April 29, 2002, revoking a sentence of probation previously imposed by the County Court, Suffolk County (Pitts, J.), upon his admission that he violated a condition thereof, and imposing a sentence of imprisonment upon his previous conviction of criminal possession of a weapon in the third degree.

Ordered that the judgment and the amended judgment are affirmed.

Contrary to the defendant's contentions, his guilty plea was knowing, intelligent, and voluntary (*see People v Harris,* 61 NY2d 9 [1983]). By pleading guilty, the defendant forfeited appellate review of his nonjurisdictional challenges to the indictment (*see People v Hansen,* 95 NY2d 227, 230-231 [2000]; *People v Williams,* 291 AD2d 347 [2002]; *People v Davis,* 289 AD2d 1069 [2001]; *People v Gerber,* 182 AD2d 252 [1992]), and his claims of ineffective assistance of counsel, which did not directly involve the plea-bargaining process (*see People v Petgen,* 55 NY2d 529 [1982]).

We reject the defendant's request, raised in his supplemental pro se brief, that we reconsider a prior decision and order on motion of this Court, dated March 27, 2002, which denied the defendant's motion for a change of venue. There was no showing that the decision and order on motion was based on manifest error, or that exceptional circumstances warrant departure from the doctrine of the law of the case (*see People v Jacobs,* 220 AD2d 617 [1995]; *see also People v Quinones,* 254 AD2d 308, 309 [1998]; *People v Williams,* 188 AD2d 573 [1992]; *People v Barnes,* 155 AD2d 468, 469 [1989]; *People v Taylor,* 87 AD2d 771, 773 [1982], *affd* 57 NY2d 729 [1982]).

By waiving his right to appeal, the defendant thereby waived his challenge to the excessiveness of his sentence (*see People v Allen,* 82 NY2d 761 [1993]; *People v Griffin,* 250 AD2d 862 [1998]). Florio, J.P., Adams, Cozier and Lifson, JJ., concur.