■ The People of the State of New York, Respondent, v David Deale, Appellant. [813 NYS2d 311]—Appeal by the defendant from a judgment of the County Court, Suffolk County (Braslow, J.), rendered March 24, 2004, convicting him of attempted criminal sale of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

We agree with the defendant that his purported waiver of his right to appeal was not effective (*see People v Billingslea*, 6 NY3d 248 [2006]; *People v McCain*, 7 AD3d 815 [2004]; *People v*

*Boustani,* 300 AD2d 313 [2002]). However, the defendant's present claims regarding the alleged ineffective assistance of his trial counsel are unpreserved for appellate review *(see People v Pellegrino,* 60 NY2d 636 [1983]; *People v Catts,* 26 AD3d 341 [2006]; *People v Aguirre,* 304 AD2d 771 [2003]; *People v Leo,* 255 AD2d 458 [1998]). Furthermore, most of these claims relate to matters which did not directly involve the plea-bargaining process *(see People v Petgen,* 55 NY2d 529 [1982]; *People v Scalercio,* 10 AD3d 697 [2004]) or are dehors the record *(see People v Campbell,* 6 AD3d 623 [2004]; *People v Stevenson,* 5 AD3d 405 [2004]; *People v Aguirre, supra).*

Moreover, since the defendant pleaded guilty with the understanding that he would receive the sentence which was thereafter imposed, and which was the minimum sentence authorized by law, he has no basis to now complain that his sentence was excessive *(see People v Gillyard,* 237 AD2d 302 [1997]; *People v Kazepis,* 101 AD2d 816 [1984]). Miller, J.P., Ritter, Luciano, Spolzino and Dillon, JJ., concur.