■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE FRANCISCO LOPEZ, Appellant. [824 NYS2d 173]—

Appeal by the defendant from a judgment of the County Court, Westchester County (Alessandro, Jr., at plea; Loehr, J., at sentence), rendered March 28, 2005, convicting him of course of sexual conduct with a child in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's claim that his plea was coerced is unpreserved for appellate review because he failed to move to vacate his plea or otherwise raise this issue before the County Court (*see People v Clarke*, 93 NY2d 904, 905 [1999]; *People v Pellegrino*, 60 NY2d 636, 637 [1983]; *People v Whitaker*, 27 AD3d 499 [2006]; *People v Reels*, 17 AD3d 488 [2005]). In any event, the claim is based partly on matters dehors the record which cannot be reviewed on direct appeal (*see People v Rodriguez*, 32 AD3d 481 [2006]; *People v Whitaker*, 27 AD3d 499 [2006]; *People v Reels, supra* at 489). Moreover, to the extent that the defendant's claim is reviewable on direct appeal, it is not supported by the record.

The defendant's contention that the defense counsel rendered

ineffective assistance by coercing him into pleading guilty is also based in part on off-the-record discussions and, thus, cannot be reviewed on direct appeal (*see People v Reels, supra* at 489). To the extent that this claim can be reviewed, the record does not support the defendant's claim of coercion. The defendant acknowledged during the plea proceeding that no one threatened, coerced, or forced him to plead guilty, that he was entering his plea freely and voluntarily, and that he was pleading guilty because he was in fact guilty. The defendant also acknowledged that he had discussed the plea with the defense counsel and that he was satisfied with the defense counsel's representation.

The defendant's waiver of his right to appeal precludes review of the remainder of his ineffective assistance of counsel claim (*see People v Eaton,* 14 AD3d 577 [2005]; *People v Pryor,* 12 AD3d 695 [2004]; *People v Demosthene,* 2 AD3d 874 [2003]) and his excessive sentence claim (*see People v Lopez,* 6 NY3d 248 [2006]; *People v Hidalgo,* 91 NY2d 733, 737 [1998]; *People v Castagna,* 18 AD3d 475 [2005]). Adams, J.P., Krausman, Rivera and Lifson, JJ., concur.