The People of the State of New York, Respondent, v Joseph D. Williams, Appellant. [829 NYS2d 161]—Appeal by the defendant from a judgment of the County Court, Orange County (Rosenwasser, J.), rendered January 9, 2004, convicting him of robbery in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's challenge to the validity of his plea based on the alleged ineffective assistance of his counsel is unpreserved for appellate review because he did not move to withdraw his plea on that basis before the court of first instance (*see People v*

*Clarke*, 93 NY2d 904, 905 [1999]; *People v Pellegrino*, 60 NY2d 636, 637 [1983]; *People v Catts*, 26 AD3d 341 [2006]). To the extent that the defendant's claims of ineffective assistance of counsel involve matters dehors the record, they may not be reviewed on direct appeal (*see People v Reels*, 17 AD3d 488, 489 [2005]; *People v Aguirre*, 304 AD2d 771 [2003]). To the extent that the defendant's claims do not directly involve the plea bargaining process, he forfeited appellate review of those claims by pleading guilty (*see People v Cumba*, 32 AD3d 444 [2006]; *People v Deale*, 29 AD3d 602, 603 [2006]) and, to the extent that the defendant's claims do not relate to the voluntariness of his plea, he forfeited appellate review of those claims by waiving his right to appeal (*see People v Gonzalez*, 31 AD3d 786 [2006]; *People v Eaton*, 14 AD3d 577 [2005]; *People v Robinson*, 13 AD3d 398, 399 [2004]; *People v Miller*, 306 AD2d 294 [2003]; *People v Brathwaite*, 263 AD2d 89, 91-92 [2000]; *People v Ford*, 250 AD2d 777 [1998]). The defendant's waiver of his right to appeal precludes appellate review of his contention that his sentence was harsh and excessive (*see People v Lococo*, 92 NY2d 825, 827 [1998]; *People v Hidalgo*, 91 NY2d 733, 737 [1998]; *People v Lopez*, 34 AD3d 599 [2006]). Schmidt, J.P., Rivera, Skelos and Lunn, JJ., concur.