THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER SILENT, Appellant. [831 NYS2d 194]—

Appeals by the defendant (1) from a judgment of the County Court, Nassau County (LaPera, J.), rendered August 18, 2003, convicting him of robbery in the second degree, upon a plea of guilty, and imposing sentence and (2), by permission, from an order of the same court entered January 11, 2005, which denied, without a hearing, his motion pursuant to CPL 440.10 to vacate the judgment.

Ordered that the judgment and the order are affirmed.

The defendant failed to preserve for appellate review his contention that his plea of guilty and waiver of the right to appeal were not intelligently, knowingly, or voluntarily made (*see* CPL 470.05 [2]; *see People v Lopez*, 71 NY2d 662, 665 [1988]; *People v Mitchell*, 22 AD3d 769 [2005]; *People v Hull*, 300 AD2d 411 [2002]). In any event, the defendant's claim that his plea and waiver were not intelligently, knowingly, or voluntarily made because the court failed to specifically enumerate all of the rights to which he was entitled is without merit (*see People v Harris*, 61 NY2d 9, 16 [1983]; *People v Watson*, 19 AD3d 518 [2005]; *People v Flakes*, 238 AD2d 520, 521 [1997]). The Court of Appeals has consistently held that there is no "uniform mandatory catechism of pleading defendants" (*People v Nixon*, 21 NY2d 338, 353 [1967], *cert denied sub nom. Robinson v New York*, 393 US 1067 [1969]; *see People v Seeber*, 4 NY3d 780, 781 [2005]; *People v Fiumefreddo*, 82 NY2d 536, 543 [1993]; *People v Harris, supra*). Moreover, the defendant acknowledged that he discussed the plea and waiver with his attorney, executed the waiver in open court, and indicated his understanding of the nature and consequences of the rights that he waived (*see People v Reynolds*, 27 AD3d 668, 669 [2006]; *People v Torres*, 24 AD3d 692 [2005]).

In addition, by pleading guilty, the defendant forfeited appellate review of "his claims of ineffective assistance of counsel, which did not directly involve the plea-bargaining process" (*People v Scalercio*, 10 AD3d 697, 697 [2004]; *see People v Petgen*, 55 NY2d 529, 535 n 3 [1982]; *People v Cumba*, 32 AD3d 444, 444 [2006]; *People v Deale*, 29 AD3d 602, 603 [2006]). Defense counsel obtained a favorable plea which limited the defendant's term of imprisonment to the minimum sentence that could be imposed under the applicable law.

Further, the court properly, without a hearing, denied the defendant's claims that his trial counsel was ineffective, raised in his motion pursuant to CPL 440.10. The defendant failed to meet his burden of demonstrating the absence of strategic or other legitimate explanations for his counsel's allegedly deficient conduct (*see People v Caban*, 5 NY3d 143, 152 [2005]; *People v Rivera*, 71 NY2d 705, 709 [1988]). Absent such a showing, it is presumed that counsel acted in a competent manner and exercised professional judgment (*see People v Rivera, supra*). Rivera, J.P., Santucci, Skelos and McCarthy, JJ., concur.