■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRANDON DIXON, Appellant. [841 NYS2d 314]—Appeal by the defendant from a judgment of the County Court, Rockland County (Kelly, J.), rendered September 14, 2005, convicting him of murder in the second degree and robbery in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant failed to preserve for appellate review his contention that his plea of guilty and waiver of the right to appeal were not knowingly, voluntarily, and intelligently made (*see* CPL 470.05 [2]; *People v Lopez*, 71 NY2d 662, 665-666 [1988]; *People v Mitchell*, 22 AD3d 769 [2005]; *People v Hull*, 300 AD2d 411 [2002]). In any event, the defendant's claim that his plea and waiver were not knowingly, voluntarily, and intelligently made because the court failed to specifically enumerate all of the rights to which he was entitled is without merit (*see People v Ramos*, 7 NY3d 737, 738 [2006]; *People v Watson*, 19 AD3d 518 [2005]). The Court of Appeals has consistently held that

there is no "uniform mandatory catechism of pleading defendants" (*People v Nixon*, 21 NY2d 338, 353 [1967]; *see People v Seeber*, 4 NY3d 780, 781 [2005]; *People v Fiumefreddo*, 82 NY2d 536, 543 [1993]). "Moreover, the defendant acknowledged that he discussed the plea and waiver with his attorney, executed the waiver in open court, and indicated his understanding of the nature and consequences of the rights that he waived" (*People v Silent*, 37 AD3d 625, 625 [2007]; *see People v Reynolds*, 27 AD3d 668, 669 [2006]; *People v Torres*, 24 AD3d 692 [2005]).

In addition, the defendant's waiver of his right to appeal precludes review of his contention that he was denied the effective assistance of counsel, except to the extent that it affected the voluntariness of his plea (*see People v Demosthene*, 2 AD3d 874 [2003]; *People v Herring*, 274 AD2d 525, 526 [2000]; *People v Porter*, 268 AD2d 603 [2000]). As indicated, the plea was knowingly, voluntarily, and intelligently made.

Further, the defendant's valid waiver of his right to appeal precludes review of his challenge to the sentence as excessive (*see People v Lopez*, 6 NY3d 248, 253 [2006]; *People v Lococo*, 92 NY2d 825, 827 [1998]; *People v Hidalgo*, 91 NY2d 733, 737 [1998]). Schmidt, J.P., Crane, Krausman and Dickerson, JJ., concur.