■ The People of the State of New York, Respondent, v Jerry Elcine, Appellant. [843 NYS2d 343]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Gary, J.), rendered March 9, 2006, convicting him of murder in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's purported waiver of his right to appeal was not valid, because the Supreme Court did not ensure that the defendant "understood the valued right [he] was relinquishing" (*People v Billingslea*, 6 NY3d 248, 257 [2006]; *see People v Moyett*, 7 NY3d 892, 893 [2006]). First, during the allocution, the court erroneously stated that the right to appeal was one of the rights the defendant waived by pleading guilty (*see People v Billingslea*, 6 NY3d 248 [2006]). Second, even if the written form that the defendant signed were valid, the recitations contained therein would not suffice to validate the purported waiver here, because the record refutes the recitation in the written waiver to the effect that the court explained the waiver to the defendant.

Although the defendant's claim regarding the voluntariness of his plea would survive even a valid waiver of the right to appeal (*see People v Ramirez*, 42 AD3d 671 [2007]; *People v Williams*, 36 AD3d 839, 840 [2007], *lv denied* 8 NY3d 992 [2007]; *cf. People v Callahan*, 80 NY2d 273, 281 [1992]), the defendant is, in any event, not entitled to relief on his substantive claims.

The defendant's claims that his guilty plea was coerced and that the factual allocution was insufficient are not preserved for appellate review. First, as to the defendant's claim of coercion, the Supreme Court fulfilled its responsibility to inquire into the alleged coercion (*see People v Lopez*, 71 NY2d 662, 666 [1988]), and it correctly determined that the defendant was merely unhappy about the constrained alternatives of pleading guilty or going to trial. Thus, the "rare case" exception to the preservation rule (*see People v Lopez*, 71 NY2d at 666) does not apply to that claim. Because the defendant did not move to withdraw his plea on this ground, his claim of coercion is unpreserved for appellate review (*see People v Vega*, 256 AD2d 367, 368 [1998]). Second, because nothing the defendant said during his factual allocution cast significant doubt upon his guilt, the "rare case" exception to the preservation rule does not apply to that claim either (*see People v Lopez*, 71 NY2d at 666). The defendant's failure to move to withdraw his plea on the basis of an insufficient factual allocution renders this claim unpreserved for appellate review (*People v Nash*, 38 AD3d 684 [2007]; *People v Burgess*, 21 AD3d 904 [2005]). In any event, the record of the plea proceeding establishes that the plea was knowing and voluntary, and nothing in the record would lead us to conclude that the plea was improvident or baseless (*see People v Gutierrez*, 35 AD3d 883 [2006]; *People v Donigan*, 20 AD3d 487 [2005]). Crane, J.P., Goldstein, Skelos and Carni, JJ., concur.