■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT HALL, Appellant. [844 NYS2d 883]—Appeal by the defendant from an amended judgment of the County Court, Orange County (DeRosa, J.), rendered August 8, 2006, revoking a sentence of probation previously imposed by the same court, finding that he violated a condition thereof, upon his admission, and imposing a sentence of imprisonment upon his previous conviction of operating a motor vehicle while under the influence of alcohol.

Ordered that the amended judgment is affirmed.

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (*see Anders v California,* 386 US 738 [1967]; *People v Paige,* 54 AD3d 631 [1976]; *cf. People v Gonzalez,* 47 NY2d 606 [1979]). Schmidt, J.P., Spolzino, Skelos, Lifson and McCarthy, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES HERDT, Appellant. [844 NYS2d 882]—Appeal by the defendant from a judgment of the County Court, Westchester County (Loehr, J.), rendered March 27, 2006, convicting him of criminal mischief in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that his plea was not knowingly, voluntarily, and intelligently made is unpreserved for appellate review since he did not move to withdraw his plea on this ground (*see People v Williams,* 36 AD3d 839 [2007]; *People v Gutierrez,* 35 AD3d 883 [2006]; *People v Lopez,* 34 AD3d 599 [2006]). The defendant's claims of coercion and ineffective assistance of counsel involve matter dehors the record, which may not be reviewed on direct appeal (*see People v Williams,* 36 AD3d at 840; *People v Lopez,* 34 AD3d 599 [2006]; *People v Petteway,* 22 AD3d 772 [2005]). To the extent that the defendant's claims are reviewable on direct appeal, they are not supported by the record. Rivera, J.P., Krausman, Florio, Carni and Balkin, JJ., concur.