■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BERNARD LUSTER, Appellant. [847 NYS2d 206]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Hollie, J.), rendered June 20, 2005, convicting him of rape in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant failed to preserve for appellate review his contention that his plea of guilty and waiver of the right to appeal were not intelligently, knowingly, and voluntarily made (CPL 470.05 [2]; *see People v Ramos,* 7 NY3d 737 [2006]; *People v Lopez,* 71 NY2d 662, 665 [1988]; *People v Mitchell,* 22 AD3d 769 [2005]; *People v Hull,* 300 AD2d 411 [2002]). While there is an exception to this preservation requirement when a defendant's recitation of the facts negates an essential element of the crime, or casts significant doubt on his guilt (*see People v Lopez,* 71 NY2d 662, 666 [1988]), this exception does not apply here because the defendant's factual recitation did not negate an essential element of rape in the first degree or cast significant doubt on his guilt.

In any event, the defendant's claim that his plea and waiver were not intelligently, knowingly, and voluntarily made because the court failed to specifically enumerate all of the rights to

which he was entitled is without merit (*see People v Watson*, 19 AD3d 518 [2005]). The Court of Appeals has consistently held that there is no "uniform mandatory catechism of pleading defendants" (*People v Nixon*, 21 NY2d 338, 353 [1967], *cert denied sub nom. Robinson v New York*, 393 US 1067 [1969]; *see People v Seeber*, 4 NY3d 780, 781 [2005]; *People v Fiumefreddo*, 82 NY2d 536, 543 [1993]; *People v Harris*, 61 NY2d 9 [1983]). "Moreover, the defendant acknowledged that he discussed the plea and waiver with his attorney, executed the waiver in open court, and indicated his understanding of the nature and consequences of the rights that he waived" (*People v Silent*, 37 AD3d 625, 625 [2007]; *see People v Reynolds*, 27 AD3d 668, 669 [2006]; *People v Torres*, 24 AD3d 692 [2005]).

Further, the defendant's valid waiver of his right to appeal precludes review of his challenge to the sentence as excessive (*see People v Lopez*, 6 NY3d 248, 264 [2006]; *People v Lococo*, 92 NY2d 825, 827 [1998]; *People v Hidalgo*, 91 NY2d 733, 737 [1998]). Spolzino, J.P., Krausman, Goldstein and Dickerson, JJ., concur.