■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NAQUAN GRAY, Appellant. [847 NYS2d 230]—Appeal by the defen-

dant from a judgment of the Supreme Court, Suffolk County (Doyle, J.), rendered December 7, 2005, convicting him of gang assault in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant pleaded guilty to gang assault in the first degree after a fight between his brother and another resulted in a fatal shooting. The defendant and two codefendants, who were at the scene to assist the brother, all discharged firearms during the fight. A bullet from the gun of a codefendant killed the victim.

The defendant argues that his sentence is excessive and that the court improvidently exercised its discretion in denying him youthful offender treatment. However, because the defendant received the sentence for which he expressly bargained, which did not include youthful offender treatment, he has no cause to complain on appeal (*see People v Wynn,* 40 AD3d 893, 894 [2007], *lv denied* 9 NY3d 871 [2007]; *People v Deale,* 29 AD3d 602, 603 [2006]; *People v Kazepis,* 101 AD2d 816, 817 [1984]). In any event, in light of the seriousness of the crime, the sentence imposed was not excessive. Further, the court did not improvidently exercise its discretion in denying the defendant youthful offender treatment (*see People v Demosthene,* 21 AD3d 384 [2005]).

By pleading guilty, the defendant forfeited the claim, raised in his supplemental pro se brief, concerning a nonjurisdictional defect in the indictment (*see People v Purnell,* 22 AD3d 871 [2005]).

The defendant's remaining contentions, raised in his supplemental pro se brief, are unpreserved for appellate review and, in any event, without merit. Crane, J.P., Ritter, Fisher, Covello and Dickerson, JJ., concur.