■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MAURICE MORROW, Appellant. [852 NYS2d 327]—Appeal by the defendant from a judgment of the County Court, Orange County (DeRosa, J.), rendered May 9, 2006, convicting him of attempted

burglary in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, he knowingly, voluntarily, and intelligently waived his right to appeal (see People v Saunders, 19 AD3d 744 [2005]; People v Ciatto, 290 AD2d 560 [2002]; People v Walsh, 243 AD2d 590 [1997]). Although the waiver did not preclude review of the defendant's claim that his plea was not voluntarily or knowingly made, this claim is unpreserved for appellate review since the defendant did not move to withdraw his plea or vacate the judgment of conviction on that ground (see People v Hussain, 309 AD2d 818 [2003]; People v Harrell, 288 AD2d 489 [2001]; People v Sierra, 256 AD2d 598 [1998]).

The defendant's valid and unrestricted written waiver of the right to appeal, as part of his plea agreement, precludes appellate review of his claim that the sentence imposed was excessive (see People v Ramos, 21 AD3d 1125 [2005], affd 7 NY3d 737 [2006]), and that he received the ineffective assistance of counsel (see People v Dixon, 41 AD3d 861 [2007]; People v Demosthene, 2 AD3d 874 [2003]). To the extent the defendant contends that his counsel was ineffective such that the voluntariness of his plea was affected, this contention is without merit (see Hill v Lockhart, 474 US 52, 59 [1985]; Strickland v Washington, 466 US 668, 687 [1984]; People v McDonald, 1 NY3d 109, 113-115 [2003]). Spolzino, J.P., Florio, Miller and Dickerson, JJ., concur.