■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MANOLITO PEREZ, Appellant. [861 NYS2d 63]—Appeal by the defendant from a judgment of the County Court, Orange County (DeRosa, J.), rendered July 17, 2007, convicting him of attempted criminal possession of a forged instrument in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that his plea was coerced is unpreserved for appellate review because he did not move to vacate his plea or otherwise raise this issue before the County Court (*see People v Clarke,* 93 NY2d 904, 905 [1999]; *People v Scoca,* 38 AD3d 801 [2007]; *People v Lopez,* 34 AD3d 599 [2006]; *People v Whitaker,* 27 AD3d 499 [2006]). In any event, the defendant acknowledged under oath during the plea proceeding that no one had threatened, coerced, or forced him into pleading guilty, which belies his present unelaborated claim of coercion (*see People v Beasley,* 50 AD3d 697 [2008]; *People v Gedin,* 46 AD3d 701 [2007]; *People v Lopez,* 34 AD3d at 599; *People v Robertson,* 2 AD3d 756 [2003]).

The defendant's valid waiver of his right to appeal precludes review of his claim that he was denied the effective assistance of counsel, except to the extent that the alleged ineffective assistance affected the voluntariness of his plea (*see People v Morrow,* 48 AD3d 704 [2008]; *People v Gedin,* 46 AD3d 701 [2007]; *People v Dixon,* 41 AD3d 861, 862 [2007]). Although the defendant's allegation that counsel was ineffective because he coerced him into pleading guilty relates to the voluntariness of his plea, it is unsupported by the record which demonstrates that the plea was knowingly, voluntarily, and intelligently made (*see People v Gedin,* 46 AD3d at 702).

The defendant's waiver of his right to appeal precludes review of his challenge to the sentence as excessive (*see People v Lopez,* 6 NY3d 248, 264 [2006]; *People v Morrow,* 48 AD3d at 704; *People v Luster,* 45 AD3d 866 [2007]). Lifson, J.P., Ritter, Dillon and Leventhal, JJ., concur.