Appeal by the defendant, by permission, from an order of the Supreme Court, Suffolk County (Mullen, J.), dated March 28, 2006, which, without a hearing, denied bis motion pursuant to CPL 440.10 to vacate a judgment of the County Court, Suffolk County (Mullen, J.), rendered October 26, 2004, convicting him of attempted reckless endangerment in the first degree, upon his plea of guilty, and imposing sentence.
Ordered that the order is affirmed.
In exchange for the defendant’s plea of guilty, the People agreed, inter alia, not to make a negative recommendation with respect to the defendant’s eventual parole hearing. Nevertheless, when asked for their position as to parole, the People submitted a letter in opposition, authored by the same assistant district attorney who negotiated the plea agreement. The People acknowledge, as they must, that submission of the letter was a direct violation of the commitment they made as part of the plea agreement. Nevertheless, the defendant is not entitled to dismissal of the indictment, the only relief he seeks for the People’s breach of the plea agreement (cf. People v Selikoff, 35 NY2d 227, 241 [1974], cert denied 419 US 1122 [1975]).
The defendant’s claim regarding the voluntariness of his plea of guilty is unpreserved for appellate review (see People v Douglas, 46 AD3d 698 [2007]; People v Elcine, 43 AD3d 1176, 1177 [2007]; People v Vega, 256 AD2d 367, 368 [1998]), and his claim that his first attorney, who did not represent him at the time that he entered his plea of guilty, did not provide him with effective representation, was forfeited by his plea of guilty (see People v Silent, 37 AD3d 625 [2007]; People v Scalercio, 10 AD3d 697 [2004]).
*490 The defendant’s remaining contention is without merit. Florio, J.E, Angiolillo, McCarthy and Chambers, JJ., concur.