■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TED ANTOINE, Appellant. [872 NYS2d 283]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Feldman, J.), rendered November 7, 2003, convicting him of murder in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that his plea of guilty was not voluntary because it was coerced is unpreserved for appellate review since he did not move to withdraw his plea on that basis (*see People v Clarke*, 93 NY2d 904, 906 [1999]; *People v Perez*, 51 AD3d 1043 [2008]; *People v Scoca*, 38 AD3d 801 [2007]; *People v Lopez*, 34 AD3d 599 [2006]), and we decline to reach it in the exercise of our interest of justice jurisdiction. Further, the defendant's claim that his plea and waiver were not intelligently, knowingly, and voluntarily made because the court failed to specifically enumerate all of the rights to which he was entitled is without merit (*see People v Nixon*, 21 NY2d 338, 353 [1967]; *People v Luster*, 45 AD3d 866 [2007]; *People v Dixon*, 41 AD3d 861 [2007]). With respect to the factual sufficiency of the defendant's plea allocution, the Supreme Court made an inquiry sufficient to conclude that the defendant meant to plead guilty to depraved indifference murder (*see* Penal Law § 125.25 [2]). Because the court made a further inquiry to ensure that the plea was knowing and voluntary, and the defendant did not complain about the court's remedial action, the defendant "has waived any further challenge to the allocution, and thus no issue is preserved for our review" (*People v Lopez*, 71 NY2d 662, 668 [1988]; *see People v Holman*, 33 AD3d 815 [2006]). Lastly, the defendant's contention that the circumstances surrounding his shooting of the victim in this case did not constitute depraved indifference murder was forfeited by his plea of guilty (*see People v Shearer*, 29 AD3d 608 [2006]). Rivera, J.P., Angiolillo, Carni and McCarthy, JJ., concur.