■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HAROLD MCPHERSON, Appellant. [875 NYS2d 539]—Appeal by the defendant from a judgment of the County Court, Orange County (De Rosa, J.), rendered March 20, 2008, convicting him of criminal sexual act in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, he voluntarily, knowingly, and intelligently entered his plea of guilty after being informed of the rights he would be giving up by pleading guilty, and after having been expressly advised that the promised sentence included a period of postrelease supervision (*see generally People v Fiumefreddo,* 82 NY2d 536, 543 [1993]; *People v Harris,* 61 NY2d 9, 16 [1983]; *People v Nixon,* 21 NY2d 338 [1967]; *People v Dixon,* 41 AD3d 861 [2007]; *People v Sanchez-Martinez,* 35 AD3d 632 [2006]; *People v Matos,* 27 AD3d 485 [2006]). The defendant's claim that he was denied the effective assistance of counsel, which allegedly rendered his plea involuntary, is based principally on matter dehors the record, which cannot be reviewed on direct appeal (*see People v Morrison,* 51 AD3d 1041 [2008]; *People v Petteway,* 22 AD3d 772 [2005]). To the extent that the defendant's claim can be reviewed, there is nothing in the record to suggest that the defendant received less than the effective assistance of counsel (*see People v Henry,* 95 NY2d 563, 565 [2000]; *People v Benevento,* 91 NY2d 708, 713 [1998]; *People v Ford,* 86 NY2d 397, 404 [1995]; *People v Shade,* 254 AD2d 438, 439 [1998]).

The defendant's valid waiver of his right to appeal precludes review of his challenge to the sentence as excessive (*see People v*

*Jackson,* 56 AD3d 492 [2008]; *People v Morrow,* 48 AD3d 704 [2008]). Mastro, J.P., Fisher, Florio and Eng, JJ., concur.