THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAYSHAWN MITCHELL, Appellant. [892 NYS2d 777]

The defendant's contention that his plea was not voluntary because it was coerced is unpreserved for appellate review, since he did not move to withdraw his plea on that basis (*see People v Clarke,* 93 NY2d 904, 906 [1999]; *People v Lopez,* 71 NY2d 662, 665-666 [1988]; *People v Bolton,* 63 AD3d 1087 [2009], *lv denied* 13 NY3d 834 [2009]; *People v Antoine,* 59 AD3d 560 [2009]). In any event, his plea of guilty was knowingly, voluntarily, and intelligently entered (*see People v Garcia,* 92 NY2d 869, 870-871 [1998]; *People v Harris,* 61 NY2d 9, 17 [1983]).

However, on the record before us, it is not clear whether the court sentenced the defendant as a persistent violent felony offender (*see* Penal Law § 70.08), or as a persistent felony offender (*see* Penal Law § 70.10). Accordingly, we vacate the sentence and remit the matter to the Supreme Court, Queens County, for resentencing, including a determination and adjudication of the defendant's status under article 400 of the Criminal Procedure Law.

In light of our determination, we do not reach the defendant's remaining contention raised in his supplemental pro se brief. Rivera, J.P., Miller, Leventhal and Chambers, JJ., concur.