■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT E. JOHNSON, Appellant. [892 NYS2d 887]—Appeal by the defendant from a judgment of the County Court, Dutchess County (Dolan, J.), rendered December 23, 2008, convicting him of robbery in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that his plea was involuntary because defense counsel coerced him into pleading guilty is unpreserved for appellate review since he failed to move to vacate his plea or to raise this issue before the County Court (*see People v Bolton*, 63 AD3d 1087 [2009]; *People v Perez*, 51 AD3d 1043 [2008]; *People v Scoca*, 38 AD3d 801 [2007]; *People v Lopez*, 34 AD3d 599 [2006]). In any event, the defendant acknowledged under oath during the plea proceeding that no

one had threatened, forced, or coerced him into pleading guilty, and that he had discussed his options with defense counsel and was satisfied with defense counsel's advice (*see People v Perez*, 51 AD3d 1043 [2008]; *People v Beasley*, 50 AD3d 697 [2008]; *People v Gedin*, 46 AD3d 701 [2007]; *People v Lopez*, 34 AD3d 599 [2006]).

The defendant's contention that he was deprived of the effective assistance of counsel, thereby rendering his plea involuntary, involves matter dehors the record, which cannot be reviewed on direct appeal (*see People v Paugam*, 57 AD3d 1012 [2008]; *People v Ali*, 55 AD3d 919, 920 [2008]; *People v Churchill*, 52 AD3d 621, 622 [2008]). Insofar as the claim is reviewable on the record, the defendant was not deprived of the effective assistance of counsel (*see Strickland v Washington*, 466 US 668 [1984]; *People v Ford*, 86 NY2d 397, 404 [1995]; *People v Baldi*, 54 NY2d 137, 147 [1981]).

Since the defendant pleaded guilty with the understanding that he would receive the sentence that was thereafter imposed, he has no basis now to complain that his sentence was excessive (*see People v Melendez-Smith*, 66 AD3d 1042, 1043 [2009]; *People v Kazepis*, 101 AD2d 816, 817 [1984]). Fisher, J.P., Santucci, Dickerson, Chambers and Lott, JJ., concur.