■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALBERTO SANTIAGO, Appellant. [894 NYS2d 904]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Weber, J.), rendered December 9, 2004, convicting him of manslaughter in the first degree and attempted murder in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is reversed, as a matter of discretion in the interest of justice, the plea of guilty is vacated, and the matter is remitted to the County Court, Suffolk County, for further proceedings on the indictment.

In order to be valid, a plea of guilty must be knowing, voluntary, and intelligent (*see People v Fiumefreddo*, 82 NY2d 536, 543 [1993]; *People v Mobley*, 68 AD3d 786 [2009]). As the defendant correctly argues, a claim with respect to the voluntariness of a plea survives even a valid waiver of the right to appeal (*see People v Elcine*, 43 AD3d 1176, 1177 [2007]; *People v Ramirez*, 42 AD3d 671, 672 [2007]; *People v Ballinger*, 12 AD3d 686, 687 [2004]; *People v Melio*, 304 AD2d 247, 249 [2003]). The defendant's contention that his plea was not voluntary because it was coerced is unpreserved for appellate review, since he did not move to withdraw his plea on that basis (*see People v Clarke*, 93 NY2d 904, 906 [1999]; *People v Lopez*, 71 NY2d 662, 665-666 [1988]; *People v Mitchell*, 69 AD3d 883 [2010]; *People v Bolton*, 63 AD3d 1087 [2009]; *People v Antoine*, 59 AD3d 560 [2009]). However, we elect to consider the defendant's claim in the exercise of our interest of justice jurisdiction (*see* CPL 470.15 [6] [a]). We find that the remarks of the trial court throughout the proceedings in this case concerning its sentencing intentions in the event that the defendant proceeded to trial and was convicted, as well as its hostility and bias toward the defendant, created a coercive environment which rendered the defendant's plea involuntary (*see People v Flinn*, 60 AD3d 1304 [2009]; *People v Beverly*, 139 AD2d 971 [1988]; *People v Hollis*, 74 AD2d 585 [1980]). Accordingly, we vacate the defendant's plea of guilty, and remit the matter for further proceedings on the indictment.

In light of our determination, we need not reach the defendant's remaining contentions. Rivera, J.P., Miller, Dickerson and Roman, JJ., concur.