■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY ALEXANDER, Appellant. [912 NYS2d 910]—Appeal by the defendant from a judgment of the County Court, Suffolk County (Weber, J.), rendered October 21, 2009, convicting him of attempted robbery in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that his plea was coerced is unpreserved for appellate review since the defendant did not move to withdraw his plea or otherwise raise this issue before the County Court (*see People v Lopez*, 34 AD3d 599 [2006]; *People v Whitaker*, 27 AD3d 499 [2006]; *People v Reels*, 17 AD3d 488 [2005]). In any event, the defendant's contention that his plea was coerced is unsupported by the record (*see People v Fiumefreddo*, 82 NY2d 536 [1993]; *cf. People v Grant*, 61 AD3d 177 [2009]). Rivera, J.P., Covello, Eng, Leventhal and Austin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v COREY CHANDLER, Appellant. [912 NYS2d 900]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Lewis, J.), rendered January 27, 2006, convicting him of burglary in the first degree, burglary in the second degree, intimidating a victim in the third degree, assault in the second degree, and endangering the welfare of a child (three counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that he was prejudiced by the trial court's charge on burglary in the first degree is unpreserved for appellate review and, in any event, without merit (*see People v Charles*, 61 NY2d 321, 327-328 [1984]; *People v Leal*, 48 AD3d 700, 701 [2008]; *People v Gillespie*, 287 AD2d 288, 289 [2001]). Rivera, J.P., Dickerson, Lott and Sgroi, JJ., concur.