— Appeal by the defendant from a judgment of the County Court, Nassau County (Donnino, J.), rendered February 8, 2010, convicting him of burglary in the second degree, upon his plea of guilty, and imposing sentence.
Ordered that the judgment is affirmed.
Although a claim that a plea of guilty was not voluntary survives a waiver of appeal (People v Seaberg, 74 NY2d 1, 10 [1989]), the defendant’s contention that his plea was not voluntary is unpreserved for appellate review because he did not move to vacate his plea or otherwise raise this issue before the County Court (see People v Perez, 51 AD3d 1043 [2008]). In any event, a plea of guilty will be upheld as valid if it was entered voluntarily, knowingly, and intelligently (see People v Fiumefreddo, 82 NY2d 536, 543 [1993]; People v Lopez, 71 NY2d 662, 666 [1988]; People v Harris, 61 NY2d 9, 17 [1983]). Here, the defendant’s plea of guilty was entered voluntarily, knowingly, and intelligently. Contrary to his contention, the County Court properly apprised him of the prison sentence he was agreeing to as part of the plea agreement.
The defendant’s further contention that the County Court should have ordered a sua sponte examination of his mental capacity is based on a psychologist’s report that is not part of the record on appeal. The defendant’s further contention that his trial counsel was ineffective for failing to make the psychologist’s report part of the record is also based on matters *939 outside the record. A CPL 440.10 proceeding is the appropriate forum for reviewing these claims (see e.g. People v Freeman, 93 AD3d 805, 806 [2012]). Dillon, J.E, Hall, Roman and Cohen, JJ., concur.