Appeal by the defendant from a judgment of the County Court, Rockland County (Nelson, J.), rendered February 28, 2012, convicting him of burglary in the first degree, upon his plea of guilty, and imposing sentence.
Ordered that the judgment is affirmed.
Contrary to the defendant’s contention, his plea of guilty was not rendered unknowing or involuntary by any failure on the part of the County Court to advise the defendant regarding the significance of his waiver of his right to proceed with the suppression hearings that had been scheduled in this case (see People v Fernandez, 67 NY2d 686, 688 [1986]; People v Smith, 227 AD2d 655 [1996]; People v Backus, 171 AD2d 900 [1991]). The defendant’s further contention that his plea of guilty was coerced because the prosecutor allegedly indicated that he would withdraw the plea offer if the defendant proceeded with the suppression hearings is based on matter dehors the record and therefore cannot be reviewed on direct appeal (see People v Herdt, 45 AD3d 698 [2007]; People v Santana, 279 AD2d 641 [2001]). To the extent that the defendant contends that the County Court erred in failing to conduct suppression hearings, that contention has been forfeited by his plea of guilty (People v Fernandez, 67 NY2d at 688; People v Hecker, 105 AD3d 606 [2013]). Dillon, J.P., Hall, Roman and Cohen, JJ., concur.