■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC J. PERSAUD, Appellant. [970 NYS2d 324]—Appeals by the defendant from two judgments of the Supreme Court, Queens County (Lasak, J.), both rendered March 16, 2011, convicting him of assault in the first degree under indictment No. 1599/09 and bribing a witness under indictment No. 721/10, upon his pleas of guilty, and imposing sentences.

Ordered that the judgments are affirmed.

Although a claim that a plea of guilty was not voluntary survives a valid waiver of the right to appeal (*see People v Seaberg*, 74 NY2d 1, 10 [1989]), the defendant failed to preserve for appellate review his contention that his plea of guilty to assault in the first degree was not knowing, voluntary, or intelligent because the Supreme Court did not make a further inquiry when his allocution raised the possibility that the defendant's alleged intoxication at the time of the assault would negate the intent element of the crime of assault in the first degree (*see People v Lopez*, 71 NY2d 662, 668 [1988]; *People v Antoine*, 59 AD3d 560 [2009]). In any event, contrary to the defendant's contention, the court properly conducted a further inquiry to ensure that he possessed the necessary criminal intent to inflict serious physical injury (*see* Penal Law § 120.10 [1]), that there was no possibility that his ability to form such intent was negated by intoxication, and that his plea of guilty to assault in the first degree was knowingly, voluntarily, and intelligently entered (*see People v Lopez*, 71 NY2d at 667-668; *People v Alonzo*, 90 AD3d 1065 [2011]; *People v Mead*, 27 AD3d 767, 767-768 [2006]).

The defendant's valid waiver of his right to appeal precludes review of his contention that the sentence imposed was excessive (*see People v Ramos*, 7 NY3d 737, 738 [2006]; *People v Lopez*, 6 NY3d 248, 255-256 [2006]; *cf. People v Bradshaw*, 18 NY3d 257, 264-267 [2011]). Dillon, J.P., Chambers, Austin and Roman, JJ., concur.