Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Gulotta, Jr., J.), rendered March 4, 2013, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree, upon his plea of guilty, and imposing sentence.
Ordered that the judgment is affirmed.
Although a claim that a plea of guilty was not voluntary survives a valid waiver of the right to appeal (see People v Seaberg, 74 NY2d 1, 10 [1989]; People v Persaud, 109 AD3d 626, 626 [2013]), the defendant’s contention that his plea of guilty was not knowingly, voluntarily, and intelligently entered is unpreserved for appellate review because he did not move to withdraw his plea of guilty prior to the imposition of sentence (see People v Clarke, 93 NY2d 904, 906 [1999]; People v Gazader, 51 AD3d 1036, 1037 [2008]). In any event, the defendant’s plea of guilty was entered knowingly, voluntarily, and intelligently (see People v Garcia, 92 NY2d 869, 870 [1998]; People v Fiumefreddo, 82 NY2d 536, 543 [1996]). Contrary to the defendant’s contention, the record reflects that he was properly apprised of the prison sentence he was agreeing to as part of the plea agreement (see People v Watts, 100 AD3d 938, 938 [2012]; cf. People v Ruddy, 77 AD3d 983, 984 [2010]).
The defendant’s remaining contentions are without merit.
Rivera, J.E, Lott, Roman and Hinds-Radix, JJ., concur.