■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRENCE HYLAND, Appellant. [996 NYS2d 375]—

Appeal by the defendant from a judgment of the Supreme

Court, Nassau County (Ayres, J.), rendered October 2, 2009, convicting him of attempted assault in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The record of the plea proceeding demonstrates that the defendant received "[an] explanation of the nature of the right to appeal and the consequences of waiving that right" (*People v Brown*, 122 AD3d 133, 144 [2014]). Under the circumstances, which include consideration of the defendant's individual characteristics, we conclude that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (*see generally People v Bradshaw*, 18 NY3d 257, 264-267 [2011]; *People v Ramos*, 7 NY3d 737, 738 [2006]; *People v Lopez*, 6 NY3d 248, 255 [2006]; *People v Hidalgo*, 91 NY2d 733, 735 [1998]). Accordingly, to the extent that the defendant challenges the factual sufficiency of his plea allocution, the valid appeal waiver precludes review of that contention (*see People v King*, 115 AD3d 986, 987 [2014]; *People v Reina*, 35 AD3d 509, 509-510 [2006]; *People v Mydosh*, 27 AD3d 580, 580 [2006]; *People v Curras*, 1 AD3d 445, 446 [2003]).

The defendant's contention that the Supreme Court erred in denying his motion to withdraw his plea since it was not knowingly, voluntarily, and intelligently made survives the valid waiver of his right to appeal (*see People v Lofton*, 115 AD3d 989, 989 [2014]; *People v Persaud*, 109 AD3d 626, 626 [2013]; *People v Morrow*, 48 AD3d 704, 705 [2008]; *see also People v Callahan*, 80 NY2d 273, 280 [1992]). However, contrary to the defendant's contention, the record demonstrates that the defendant knowingly, voluntarily, and intelligently pleaded guilty and, under the circumstances, the Supreme Court providently exercised its discretion in denying his pro se motion to withdraw his plea (*see People v Griffith*, 78 AD3d 1194, 1195 [2010]; *People v Gully*, 17 AD3d 382, 382 [2005]; *People v Telfair*, 299 AD2d 429, 429 [2002]; *People v Potter*, 294 AD2d 603, 604 [2002]). Dillon, J.P., Miller, Maltese and Duffy, JJ., concur.