■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE TOWNS, Appellant. [22 NYS3d 914]—Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Corrigan, J.), rendered December 23, 2014, convicting him of criminal possession of a weapon in the second degree (four counts), criminal possession of a weapon in the third degree (three counts), menacing a police officer, assault in the second degree, tampering with physical evidence, resisting arrest, reckless endangerment in the second degree, criminal possession of a weapon in the fourth degree (two counts), menacing in the second degree, and trespass, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's waiver of his right to appeal was knowingly, voluntarily, and intelligently made (*see People v Lopez*, 6 NY3d 248, 256 [2006]; *People v Calvi*, 89 NY2d 868, 871 [1996]). The defendant's valid waiver of his right to appeal forecloses appellate review of his challenge to the factual sufficiency of his plea allocution (*see People v Nash*, 38 AD3d 684 [2007]; *People v Wager*, 34 AD3d 505 [2006]; *People v Mydosh*, 27 AD3d 580 [2006]), and the hearing court's suppression determination (*see People v Jones*, 131 AD3d 707 [2015]; *People v Sanchez*, 122 AD3d 778 [2014]).

The defendant's contention that the Supreme Court should have granted his motion to withdraw his plea because it was not entered knowingly, voluntarily, and intelligently survives the valid waiver of his right to appeal (*see People v Innocent*, 132 AD3d 696, 696 [2015]; *People v Hyland*, 123 AD3d 736, 737 [2014]; *People v Lofton*, 115 AD3d 989, 989 [2014]). However, contrary to the defendant's contention, the record demonstrates that he knowingly, voluntarily, and intelligently pleaded guilty, and the Supreme Court providently exercised its discretion in

denying, without a hearing, his motion to withdraw his plea (*see* CPL 220.60 [3]; *People v Upson*, 134 AD3d 1058 [2d Dept 2015]).

The defendant was charged in one indictment with various offenses stemming from three separate incidents. By pleading guilty, the defendant forfeited his right to appellate review of the denial of his motion to sever the counts of the indictment stemming from each incident from the counts stemming from the other incidents (*see People v Gibbons*, 27 AD3d 483 [2006]; *People v Reyes*, 156 AD2d 397 [1989]; *People v Grant*, 140 AD2d 623 [1988]). Rivera, J.P., Dillon, Roman and Duffy, JJ., concur.