■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CESAR GOMEZ, Appellant. [27 NYS3d 650]—Appeal by the defendant from a judgment of the County Court, Dutchess County (Forman, J.), rendered May 15, 2014, convicting him of murder in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that his plea of guilty was not

voluntary survives his valid waiver of the right to appeal (*see People v Fontanet*, 126 AD3d 723 [2015]; *People v Lujan*, 114 AD3d 963, 964 [2014]). However, there is no merit to the defendant's contention that his plea of guilty to murder in the second degree was involuntary on the ground that the County Court failed to conduct an adequate inquiry into a potential justification defense. Rather, an inquiry was made, revealing that the defendant knowingly and voluntarily entered a plea of guilty with a full understanding of the consequences, and that there was no possibility of a justification defense in this case (*see People v Lopez*, 71 NY2d 662, 667 [1988]; *People v Sierra*, 256 AD2d 598, 599 [1998]; *Matter of Brian K.J.*, 223 AD2d 643, 644 [1996]; *cf. People v Riley*, 91 AD2d 671 [1982]). Having failed to object to the inquiry conducted by the court, the defendant did not preserve for appellate review any challenge to the adequacy of the remedial action taken by the court (*see People v Lopez*, 71 NY2d at 668). Furthermore, the defendant's postplea assertions regarding a justification defense contradicted the admissions he made under oath at his plea allocution, were recanted by the defendant at sentencing, and were insufficient to warrant withdrawal of his plea (*see People v Dixon*, 29 NY2d 55, 57 [1971]; *People v Glusko*, 114 AD3d 701 [2014]; *People v Delarosa*, 104 AD3d 956 [2013]; *People v Dazzo*, 92 AD3d 796, 796 [2012]).

Moreover, the defendant failed to preserve for appellate review his contention that he was threatened or coerced into pleading guilty, since he did not move to withdraw his plea (*see* CPL 220.60 [3]; 440.10, 470.05 [2]; *People v Lopez*, 71 NY2d at 665; *People v Santiago*, 71 AD3d 703, 704 [2010]; *People v Mitchell*, 69 AD3d 883 [2010]). In any event, contrary to the defendant's contention, the County Court did not threaten to sentence him to an illegal maximum prison term upon conviction after trial, but properly informed the defendant that he faced potential consecutive sentences in that event (*see People v Salcedo*, 92 NY2d 1019, 1021 [1998]; *People v Brown*, 80 NY2d 361, 364 [1992]; *People v Okafore*, 72 NY2d 81, 87-88 [1988]). Such remarks were not coercive (*see People v Solis*, 111 AD3d 654, 655 [2013]; *People v Tavares*, 103 AD3d 820, 820 [2013]; *People v Bravo*, 72 AD3d 697, 698 [2010]). Mastro, J.P., Chambers, Roman and Barros, JJ., concur.