People v Banks (2022 NY Slip Op 04557)

People v Banks

2022 NY Slip Op 04557

Decided on July 13, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 13, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
REINALDO E. RIVERA
CHERYL E. CHAMBERS
DEBORAH A. DOWLING, JJ.

2019-09029

[*1]The People of the State of New York, respondent,
v
Richard Banks, appellant. (S.C.I. No. 185/19)

Kelley M. Enderley, Poughkeepsie, NY, for appellant.
Miriam E. Rocah, District Attorney, White Plains, NY (Shea Scanlon Lomma and William C. Milaccio of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Westchester County (Susan M. Capeci, J.), rendered June 10, 2019, convicting him of criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant contends that his plea of guilty was involuntary because the County Court failed to conduct a sufficient inquiry to ensure his guilt after the defendant made statements to the Department of Probation which raised a potential justification defense. Since this issue would survive even a valid waiver of the right to appeal, we do not consider the validity of the defendant's appeal waiver (see People v Seaberg, 74 NY2d 1, 10; People v Gomez, 137 AD3d 1161). Nevertheless, having failed to object to either of the two post-plea inquiries that were conducted by the court into a possible justification defense, the defendant failed to preserve for appellate review his challenge to the adequacy of the remedial action taken by the court (see People v Lopez, 71 NY2d 662, 666; People v David, 149 AD3d 776; People v Gomez, 137 AD3d at 1162). In any event, the court's inquiries were sufficient to ensure that the defendant's plea was knowing, voluntary, and intelligent, and that he was entering his plea of guilty with a full understanding of the consequences, including his waiver of a possible justification defense (see People v Lopez, 71 NY2d at 666; People v David, 149 AD3d 776; People v Gomez, 137 AD3d at 1162).
BRATHWAITE NELSON, J.P., RIVERA, CHAMBERS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court