People v Smith (2025 NY Slip Op 05538)

People v Smith

2025 NY Slip Op 05538

Decided on October 8, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 8, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
WILLIAM G. FORD
DONNA-MARIE E. GOLIA
SUSAN QUIRK, JJ.

2023-11663
 (Ind. No. 72378/22)

[*1]The People of the State of New York, respondent,
v
Anthony Wayne Smith, appellant.

Richard L. Herzfeld, New York, NY, for appellant.
Raymond A. Tierney, District Attorney, Riverhead, NY (Karla Lato and Glenn Green of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (John B. Collins, J.), rendered November 20, 2023, convicting him of manslaughter in the first degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was convicted, upon his plea of guilty, of manslaughter in the first degree. The defendant purported to make a pro se motion to withdraw his plea of guilty prior to sentencing, but the motion was not filed by the defendant or his counsel. Thereafter, at sentencing, defense counsel declined to adopt the motion and made an application to be relieved as counsel. The County Court denied defense counsel's application and proceeded to sentence the defendant.
The defendant's contention that he was deprived of the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record and, thus, constitutes a "mixed claim of ineffective assistance" (People v Maxwell, 89 AD3d 1108, 1109; see People v Evans, 16 NY3d 571, 575 n 2). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety, and we decline to review the claim on this direct appeal (see People v Padilla-Padilla, 233 AD3d 711; People v Freeman, 93 AD3d 805, 806).
The defendant's contention that the County Court should have conducted a hearing to decide whether he was entitled to withdraw his plea is unpreserved for appellate review because the purported motion to withdraw the defendant's plea was not filed in the County Court by either the defendant or his counsel. In any event, this contention is based partly on matter dehors the record which cannot be reviewed on direct appeal (see People v Lopez, 34 AD3d 599). To the extent that the defendant's claim can be reviewed, the record establishes that the defendant knowingly, voluntarily, and intelligently entered his plea of guilty based upon the negotiated plea agreement (see People v Fiumefreddo, 82 NY2d 536, 543; People v Moss, 70 AD3d 862, 862).
The defendant's remaining contention is without merit (see People v Hughes, 62 [*2]AD3d 1026, 1026; People v Caufield, 57 AD3d 796).
DUFFY, J.P., FORD, GOLIA and QUIRK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court