■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CRAIG ROSE, Also Known as STEVEN TINSLEY, Appellant. [654 NYS2d 685] —Appeal by the defendant from a judgment of the County Court, Westchester County (Lange, J.), rendered September 21, 1995, convicting him of burglary in the third degree (two counts), upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's challenges to the adequacy of his plea of guilty are unpreserved for appellate review (*see, People v Lopez,* 71 NY2d 662; *People v Pellegrino,* 60 NY2d 636). In any event, we are satisfied that the defendant's plea of guilty was knowingly, voluntarily, and intelligently entered (*see, People v Harris,* 61 NY2d 9). Moreover, the defendant knowingly, voluntarily, and intelligently waived his right to appeal as part of the negotiated plea agreement (*see, People v Callahan,* 80 NY2d 273; *People v Seaberg,* 74 NY2d 1), which bars review of his remaining contentions. O'Brien, J. P., Thompson, Joy and Goldstein, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SIMON ROSE, Appellant. [654 NYS2d 693] —Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Kings County (Pesce, J.), imposed October 4, 1995.

Ordered that the sentence is affirmed.

The record indicates the defendant was incorrectly informed that he was not entitled to appellate review of his sentence on the ground that it was excessive, and therefore the purported waiver of his right to appeal cannot be considered knowing, voluntary, and intelligent (*see, People v Rolon,* 220 AD2d 543). Accordingly, we have considered the defendant's contention that the sentence was excessive but find it to be without merit (*see, People v Kazepis,* 101 AD2d 816). Mangano, P. J., Bracken, Copertino , Sullivan and McGinity, JJ., concur.