■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER HANSEN, Appellant. [704 NYS2d 269] —Appeal by the defendant from a judgment of the County Court, Orange County (DeRosa, J.), rendered May 8, 1998, convicting him of assault in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

Whether to allow a defendant to withdraw a previously-entered plea of guilty rests within the sound discretion of the sentencing court (*see,* CPL 220.60 [3]; *People v White,* 226 AD2d 750; *People v Ochoa,* 179 AD2d 689). The defendant's conclusory assertions that he was dazed and confused at the time of the plea and that he was innocent are without support, and belied by the record. In the absence of anything in the record to suggest that the defendant's plea was either improvident or baseless, the County Court providently exercised its discretion in denying the defendant's motion to withdraw his plea (*see, People v Rosa,* 239 AD2d 364).

The defendant's further contention that the County Court should have *sua sponte* ordered a psychiatric examination of him before imposing sentence is also without merit. A court must issue an order of examination when it is of the opinion that the defendant may be an incapacitated person (*see,* CPL 730.30 [1]). A defendant is presumed competent (*see, People v Gelikkaya,* 84 NY2d 456, 459), and this presumption cannot be rebutted by a mere showing that the defendant has a history of mental illness (*see, People v Dover,* 227 AD2d 804, 805). Here, other than the defendant's mere assertion that he was a paranoid schizophrenic, there is no support in the record for his contention that he lacked the capacity to understand the proceedings at the time of the plea allocution (*see, People v*

*Polimeda,* 198 AD2d 242). No medical evidence was provided concerning the defendant's mental state at the time of the plea allocution, and the defendant's responses during the plea allocution did not indicate that he was incapacitated (*see, People v Polimeda, supra*).

The defendant's remaining contention is without merit. Ritter, J. P., Sullivan, S. Miller and Luciano, JJ., concur.