■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTONIO ESCALONA, Appellant. [751 NYS2d 540] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Leventhal, J.), rendered May 7, 2001, convicting him of criminal contempt in the first degree and criminal contempt in the second degree, upon a plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant entered into a plea agreement, and was promised a sentence of probation on condition that he successfully complete a TASC program and refrain from violating an existing order of protection. He was warned that violation of either of the conditions of the plea agreement would result in the imposition of a sentence of 2 to 4 years incarceration.

After a hearing on the defendant's motion to withdraw his plea, the Supreme Court, Kings County (D'Emic, J.), found that the defendant violated one of the conditions of his plea agreement when, in contravention of the order of protection, he made several postplea telephone calls to the complainant. He was subsequently sentenced, as promised, to two concurrent terms of imprisonment, the longer which was a term of 2 to 4 years incarceration.

The Supreme Court properly denied the defendant's presentence motion to withdraw his plea. The motion was based on the fact that, due to an immigration "hold," of which the parties were unaware at the time of the plea, he was ineligible for the TASC program in which he was supposed to participate.

While the impossibility of the defendant's complying with this condition might well have required that he be furnished with an opportunity to withdraw his plea had he otherwise honored his end of the agreement (*see e.g. People v DeValle,* 94 NY2d 870; *People v Selikoff,* 35 NY2d 227, *cert denied* 419 US 1122), the fact remains that the defendant subjected himself to the enhanced sentence by violating a separate condition of the plea agreement, completely unrelated to his eligibility for the TASC program (*cf. People v Rodriguez,* 289 AD2d 512). The People honored their end of the agreement, and no circum-

stance came to light between the date of the plea and the time of sentence that rendered fulfillment of the agreement impossible; rather, the plea agreement was in fact fulfilled when the Supreme Court imposed the enhanced sentence that had been promised to the defendant as a possible consequence of his deliberate violation of the condition that he not violate the order of protection (*see People v Smith,* 223 AD2d 465; *but see People v Kelly,* 229 AD2d 937). Altman, J.P., S. Miller, Adams and Cozier, JJ., concur.