■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAMON BROWN, Appellant. [786 NYS2d 583]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Dowling, J.), rendered January 31, 2003, convicting him of burglary in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant pleaded guilty to burglary in the third degree with a promise of a term of imprisonment of 3½ to 7 years, with an additional promise that he would be permitted to withdraw the plea if he successfully completed a drug treatment program. After failing to complete three separate programs, the

defendant was sentenced as promised. He appeals, contending that his plea was not knowing, intelligent, and voluntary, and that his sentence was excessive.

Contrary to the defendant's contentions, the Supreme Court properly accepted the plea. Although the defendant initially denied having an intent to commit a crime in the building, he later admitted that he entered the building with the intent to take property therefrom. The Supreme Court made sufficient inquiry to assure that the defendant understood the plea and his rights, and that there was a factual basis for the plea. The conclusory allegations of innocence that the defendant raised at the time of sentencing were belied by the record and were insufficient to warrant vacatur of the plea (*see People v Guerrero,* 307 AD2d 935, 936 [2003]; *People v Solis,* 302 AD2d 542, 543 [2003]).

The defendant was incorrectly informed that he would not be entitled to appellate review of his sentence on the ground that it was excessive, and therefore the purported waiver of his right to appeal cannot be considered knowing, voluntary, and intelligent (*see People v Rose,* 236 AD2d 637 [1997]; *People v Rolon,* 220 AD2d 543 [1995]). Accordingly, we have considered the defendant's claim that the sentence was excessive, but find it to be without merit (*see People v Kazepis,* 101 AD2d 816 [1984]; *People v Suitte,* 90 AD2d 80 [1982]). Ritter, J.P., Smith, Rivera and Lifson, JJ., concur.