■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HASHIM MATTHEWS, Appellant. [800 NYS2d 722]—

Appeal by the defendant from two judgments of the Supreme Court, Kings County (Firetog, J.), both rendered April 28, 2003, convicting him of robbery in the first degree and rape in the first degree (two counts) under indictment No. 724/02, and sexual abuse in the first degree under indictment No. 7737/02, upon his pleas of guilty, and imposing sentences.

Ordered that the judgments are affirmed.

The defendant's purported waiver of his right to appeal was not valid because it was based on an incorrect statement of law (*cf. People v Brown,* 13 AD3d 548, 549 [2004], *lv denied* 4 NY3d 797 [2005]).

The defendant's purported acquittal in a case which was pending in Bronx County at the time of the instant plea proceeding does not necessitate a reversal of the instant judgments (*cf. People v Pichardo,* 1 NY3d 126 [2003]; *People v Cruz,* 225 AD2d 790, 791 [1996]; *People v Griminger,* 127 AD2d 74, 83-84 [1987], *affd* 71 NY2d 635 [1988]; *People v Martin,* 115 AD2d 565, 568 [1985]).

The defendant's contention that the Supreme Court should have permitted him to withdraw his pleas of guilty given the indication in the presentence report that he was a paranoid schizophrenic is unpreserved for appellate review. In any event, the claim is without merit because, other than the defendant's conclusory assertions, there is no indication in the record that the defendant lacked the capacity to understand the plea proceedings (*see People v Hansen,* 269 AD2d 467 [2000]). The defendant's claim that he was dazed and confused at the time of the pleas is belied by the defendant's lucid and appropriate responses during the plea allocutions (*see People v Hansen, supra*).

The sentences imposed were not excessive (*see People v Suitte,* 90 AD2d 80 [1982]). Prudenti, P.J., Schmidt, Santucci, Luciano and Spolzino, JJ., concur.