■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ADONIS HENRY, Appellant. [815 NYS2d 209]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Ferdinand, J.), rendered May 12, 2004, convicting him of criminal sale of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

While on probation for two drug-related felonies, the defendant was arrested and indicted for selling heroin to an undercover officer within 1,000 feet of a school. He subsequently entered a plea of guilty to one count of criminal sale of a controlled substance in the third degree in full satisfaction of the indictment. The court promised that if he successfully completed a DTAP program (Drug Treatment Alternative-to-Prison Program), the plea would be vacated and the indictment would be dismissed. The court warned, however, that if he failed to complete the program, he would face a sentence of $4^{1}/_{2}$ to 9 years' imprisonment as a second felony offender. The defendant was fully allocuted and, upon his admission, was adjudicated a second felony offender. He was subsequently discharged from one residential drug treatment program for noncompliance, and left a second residential program without permission and against clinical advice. He was thereafter arrested for another drug sale. The court sentenced him to a term of $4^{1}/_{2}$ to 9 years' imprisonment.

The defendant's purported waiver of his right to appeal from the sentence imposed was ineffective (*see People v Brown*, 13 AD3d 548 [2004]; *People v Williams*, 258 AD2d 544 [1999]; *People v Rose*, 236 AD2d 637 [1997]; *People v Rolon*, 220 AD2d 543 [1995]). Contrary to the defendant's contention, however, the sentence was neither unconstitutional nor excessive (*see People v Moore*, 261 AD2d 421 [1999]; *People v James*, 251 AD2d 208 [1998]; *People v Suitte*, 90 AD2d 80 [1982]). Adams, J.P., Goldstein, Fisher and Lifson, JJ., concur.