■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE RODRIGUEZ, Appellant. [819 NYS2d 482]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Walsh, J.), rendered April 8, 2004, convicting him of criminal sale of a controlled substance in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's purported waiver of his right to appeal was

invalid because it was based on an incorrect statement of the law (*see People v Lopez,* 6 NY3d 248, 256 [2006]; *People v D'Avila,* 21 AD3d 905 [2005]; *People v Matthews,* 21 AD3d 499, 500 [2005]) and thus, does not preclude review of the defendant's excessive sentence claim. However, the sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]) and, in any event, the defendant has no basis to complain since the sentence was part of the negotiated plea bargain (*see People v Demosthene,* 21 AD3d 384, 385 [2005]; *People v Fanelli,* 8 AD3d 296 [2004]; *People v Mejia,* 6 AD3d 630 [2004]; *People v Kazepis,* 101 AD2d 816, 817 [1984]).

The defendant's claim, raised in his supplemental pro se brief, that he received ineffective assistance from the attorney who represented him during the plea proceeding, is based partially on matter dehors the record which cannot be reviewed on direct appeal (*see People v Edwards,* 28 AD3d 491 [2006]). To the extent that the defendant's claim is reviewable on direct appeal, the record reveals that the attorney who represented the defendant during the plea proceeding provided him with effective assistance (*see People v Benevento,* 91 NY2d 708, 714 [1998]; *People v Baldi,* 54 NY2d 137, 147 [1981]). The attorney negotiated an advantageous plea bargain and the record does not cast doubt on the effectiveness of counsel (*see People v Ford,* 86 NY2d 397, 404 [1995]; *People v Reels,* 17 AD3d 488, 489 [2005]; *People v Kessler,* 5 AD3d 504, 505 [2004]). Florio, J.P., Santucci, Mastro, Rivera and Covello, JJ., concur.