■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL WAGER, Appellant. [823 NYS2d 522]—

Appeal by the defendant from a judgment of the County Court, Nassau County (Brown, J.), rendered February 18, 2005, convicting him of attempted burglary in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The County Court providently exercised its discretion in denying the defendant's motion to withdraw his plea of guilty. The defendant contends that he was depressed and confused at the plea proceeding because he failed to take his psychiatric medicine. Other than the defendant's conclusory assertions, however, there is no indication in the record that he lacked the capacity to understand the plea proceedings (*see People v Alexander,* 97 NY2d 482, 486 [2002]; *People v Matthews,* 21 AD3d 499, 500 [2005]; *People v Ramos,* 21 AD3d 1125 [2005], *affd* 7 NY3d 737 [2006]; *People v Hansen,* 269 AD2d 467, 467-468 [2000]). Indeed, the defendant's claim of incapacity is belied by his lucid and appropriate responses during the plea allocution which indicate that he knowingly, voluntarily, and intelligently

pleaded guilty (*see People v Alexander, supra; People v Matthews, supra; People v Hansen, supra*).

The defendant's plea of guilty and waiver of his right to appeal foreclose appellate review of his challenge to the denial of that branch of his motion which was to suppress statements he made to a law enforcement official (*see People v Kemp*, 94 NY2d 831, 833 [1999]; *People v Barnes*, 306 AD2d 537 [2003]; *People v Miller*, 306 AD2d 294 [2003]). By pleading guilty, the defendant also waived his present contentions regarding prosecutorial misconduct and the sufficiency of the evidence before the grand jury (*see People v Hansen*, 95 NY2d 227, 233 [2000]; *People v Fifield*, 24 AD3d 1221, 1223 [2005]; *People v Parks*, 23 AD3d 153 [2005]; *People v Eun Sil Jang*, 17 AD3d 693 [2005]; *People v Caleca*, 273 AD2d 476 [2000]; *People v Williams*, 253 AD2d 901 [1998]; *People v Chevalier*, 226 AD2d 925 [1996], *citing People v Di Raffaele*, 55 NY2d 234 [1982]). The waiver of the right to appeal also encompassed the defendant's challenge to the factual sufficiency of his plea allocution (*see People v Mydosh*, 27 AD3d 580 [2006]; *People v Curras*, 1 AD3d 445, 446 [2003]; *People v Green*, 200 AD2d 687 [1994]). In addition, the defendant waived any right to challenge the specificity of the indictment's factual allegations (*see People v Downs*, 26 AD3d 525 [2006]; *People v Gauthier*, 246 AD2d 928, 928-929 [1998]). Florio, J.P., Schmidt, Krausman and Lifson, JJ., concur.