THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRYANT MCCAULEY, Appellant. [832 NYS2d 206]—Appeal by the defendant from a judgment of the County Court, Suffolk County (Braslow, J.), rendered October 6, 2005, convicting him of attempted criminal sale of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed, with costs.

The defendant's purported waiver of his right to appeal was invalid because it was based on an incorrect statement of law (*see People v Moyett,* 7 NY3d 892 [2006]; *People v Lopez,* 6 NY3d 248, 256 [2006]; *People v Rodriguez,* 32 AD3d 481, 482 [2006]; *People v Matthews,* 21 AD3d 499, 500 [2005]; *People v D'Avila,* 21 AD3d 905 [2005]). However, the defendant's challenge to his enhanced sentence is without merit. The defendant was expressly advised and acknowledged before the sentence date that he would receive an enhanced sentence if he failed to appear for sentencing (*see People v Anthony,* 247 AD2d 397, 398 [1998]; *People v Stewart,* 244 AD2d 585 [1997]; *People v Fields,* 197 AD2d 633 [1993]). Moreover, the court conducted a sufficient inquiry into the defendant's reason for failing to appear. Schmidt, J.P., Krausman, Goldstein, Covello and Angiolillo, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID MILLER, Appellant. [828 NYS2d 915]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Del Giudice, J.), rendered April 26, 2004, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to establish his guilt is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10 [1995]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that the evidence was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero,* 7 NY3d 633 [2006]). Ritter, J.P., Santucci, Skelos and Dickerson, JJ., concur.