■ The People of the State of New York, Respondent, v Von Knowlden, Also Known as Salim Abdul-Malik, Appellant. [841 NYS2d 632]—

Appeals by the defendant from (1) a judgment of the Supreme Court, Queens County (Griffin, J.), rendered June 30, 2003, convicting him of criminal possession of a weapon in the third degree and criminal contempt in the second degree, upon his plea of guilty, and imposing sentence, (2) an amended sentence of the same court imposed August 12, 2003, and (3) an amended sentence of the same court imposed October 19, 2005.

Ordered that the appeal from the amended sentence imposed August 12, 2003 is dismissed, as that amended sentence was superseded by the amended sentence imposed October 19, 2005; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the amended sentence imposed October 19, 2005 is affirmed.

Contrary to the defendant's contention, the Supreme Court properly determined, after a hearing, that he violated certain conditions of his plea agreement by willfully failing to enroll in or complete a treatment program (*see People v Messenger,* 7 AD3d 642 [2004]; *see generally People v Outley,* 80 NY2d 702 [1993]). Moreover, the court properly rejected the defendant's motion to withdraw his plea because, according to the specific conditions of the plea, he would have been allowed to withdraw the plea only if his failure to enter or complete a program was not of his own doing (*see People v Escalona,* 300 AD2d 505, 505-506 [2002]).

The delay between the defendant's plea and sentencing was not unreasonable (*see* CPL 380.30 [1]; *People v Drake,* 61 NY2d 359, 365-366 [1984]).

The defendant's claim of ineffective assistance of counsel is substantially based on matter dehors the record, which cannot

be reviewed on direct appeal (*see People v Weekes,* 289 AD2d 599 [2001]). To the extent the claim is reviewable on the record before us, counsel provided the defendant with meaningful assistance (*People v Baldi,* 54 NY2d 137, 151-152 [1981]), not the least in counsel's role in obtaining a favorable plea arrangement for the defendant (*see People v Sanchez,* 33 AD3d 633, 634 [2006]; *People v Manzullo,* 14 AD3d 717 [2005]).

The defendant's remaining contentions are without merit. Crane, J.P., Goldstein, Dillon and Carni, JJ., concur.