■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DWIGHT HURD, Appellant. [844 NYS2d 73]—

Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Kings County (Reichbach, J.), imposed January 10, 2006, upon his conviction of attempted murder in the second degree, upon his plea of guilty.

Ordered that the sentence is affirmed.

"The form signed by the defendant, which purported to constitute a waiver of his right to appeal, was insufficient to establish that he knowingly, intelligently, and voluntarily waived his right to appeal from his sentence on the ground of excessiveness" (*People v Hale,* 30 AD3d 613, 614 [2006]; *see People v Caleb C.,* 32 AD3d 543 [2006]; *People v Borgwin,* 23 AD3d 491 [2005]; *People v Brown,* 13 AD3d 548, 549 [2004]; *People v Rolon,* 220 AD2d 543 [1995]). In this regard, the subject preprinted form, designated as form CRO38 (06/92), contained the following recital: "I have been advised of my right to take an appeal . . . and to submit a brief and/or argue before an appellate court on any issues relating to my conviction and sentence *other than that the sentence on a negotiated plea was harsh or excessive*" (emphasis added). This language misstates the applicable law, and is misleading (*see People v Pollenz,* 67 NY2d 264, 268-270 [1986]). The defendant's purported waiver of his right, on appeal, to challenge the sentence as excessive thus was invalid. To the extent that the aforementioned form is still being utilized, its use should be discontinued.

Accordingly, we have considered the defendant's contention that the sentence imposed was excessive, but find it to be without merit (*see People v Suitte,* 90 AD2d 80 [1982]). Prudenti, P.J., Rivera, Goldstein, Dillon and McCarthy, JJ., concur.