■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDUARDO MIRANDA, Appellant. [886 NYS2d 890]—

Appeals by the defendant from two judgments of the Supreme Court, Kings County (DiMango, J.), both rendered May 18, 2006, convicting him of (1) attempted robbery in the first degree under indictment No. 1495/05, and (2) robbery in the second degree under indictment No. 8952/05, upon his pleas of guilty, and imposing sentences.

Ordered that the judgments are affirmed.

As correctly conceded by the People, the defendant's purported waiver of his right to appeal was not valid because it was based on an incorrect statement of the law (*see People v Brown,* 13 AD3d 548, 549 [2004]; *People v Rose,* 236 AD2d 637 [1997]).

Contrary to the defendant's contention, however, defense counsel's statement that the defendant faced a possible sentence of 75 years if convicted on all counts did not constitute a threat or coercion but, rather, was a proper explanation of the possible maximum sentence if the defendant were convicted (*see People v Mann,* 32 AD3d 865 [2006]; *People v Pagan,* 297 AD2d 582 [2002]; *People v Samuel,* 208 AD2d 776 [1994]). Further, the defendant's claim of coercion is belied by his responses at the plea allocutions that no one had threatened, coerced, or forced him to plead guilty (*see People v McGhee,* 62 AD3d 1027 [2009], *lv denied* 12 NY3d 927 [2009]; *People v Perez,* 51 AD3d 1043 [2008]; *People v Beasley,* 50 AD3d 697 [2008]; *People v Gedin,* 46 AD3d 701 [2007]; *People v Gutierrez,* 35 AD3d 883 [2006]).

The defendant's conclusory allegation that he was confused at the time of the pleas is also belied by the record. The defendant stated that he understood the nature of the pleas, the rights he was waiving, and the crimes to which he was pleading guilty. The defendant's responses were lucid and appropriate, and he expressly stated that he understood all of the court's questions (*see People v Alexander,* 97 NY2d 482 [2002]; *People v First,* 62 AD3d 1043 [2009], *lv denied* 12 NY3d 915 [2009]; *People v Wager,* 34 AD3d 505 [2006]; *People v Matthews,* 21 AD3d 499 [2005]; *People v Hansen,* 269 AD2d 467 [2000]; *People v Polimeda,* 198 AD2d 242 [1993]).

The defendant's remaining contention that the court should have sua sponte ordered the New York City Department of Probation to conduct a mental evaluation of him prior to sentencing, pursuant to CPL 390.30 (2), is without merit. There is no support in the record that the defendant lacked the capacity to understand the proceedings at the time of the plea allocutions (*see People v Hansen,* 269 AD2d 467 [2000]).

Accordingly, the Supreme Court did not improvidently exercise its discretion in denying, without an evidentiary hearing, the defendant's motion to withdraw his plea of guilty (*see* CPL 220.60 [3]). Santucci, J.P., Chambers, Hall and Roman, JJ., concur.