THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH GHERADI, Appellant. [890 NYS2d 122]—

The Supreme Court did not sufficiently advise the defendant of the ramifications of waiving his right to appeal. Further, the record does not reflect that the defendant understood the waiver or that the defendant was given the opportunity to discuss the waiver with counsel (*see People v Callahan,* 80 NY2d 273 [1992]; *People v Lopez,* 6 NY3d 248 [2006]). Accordingly, the defendant's oral waiver of his right to appeal was not knowingly, voluntarily, and intelligently given. As such, we will address the merits of the defendant's claims (*see People v Carrion,* 65 AD3d 693 [2009]).

There is no merit to the defendant's contention that trial counsel was ineffective for failing to argue, in his motion to withdraw the defendant's plea, that the defendant's allocution was factually insufficient to establish the crime of robbery in the second degree pursuant to Penal Law § 160.10 (1). " '[E]ven if the defendant's allocution did not establish the essential elements of the crime to which he pleaded guilty, it would not require vacatur of his plea since there is no suggestion in the record that the plea was improvident or baseless' " (*People v Donigan,* 20 AD3d 487 [2005], quoting *People v Duff,* 158 AD2d 711, 711 [1990]; *see People v Seeber,* 4 NY3d 780 [2005]; *People v Toxey,* 86 NY2d 725, 726 [1995]). The defendant's factual recitation did not cast doubt upon his guilt, nor did it negate an essential element of attempted robbery in the second degree. "A defendant is not denied effective assistance of trial counsel merely because counsel does not make a motion or argument that has little or no chance of success" (*People v Stultz,* 2 NY3d 277, 287 [2004]).

Moreover, since the defendant received the sentence for which he bargained, he has no basis to complain that the sentence imposed was excessive (*see People v Rodriguez,* 32 AD3d 481 [2006]; *People v Demosthene,* 21 AD3d 384 [2005]; *People v Fanelli,* 8 AD3d 296 [2004]). Rivera, J.P., Miller, Dickerson and Roman, JJ., concur.