■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VINOD PATEL, Appellant. [904 NYS2d 99]—Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Kase, J.), rendered January 11, 2007, convicting him of rape in the first degree, criminal sexual act in the first degree (two counts), and incest, upon his plea of guilty, and imposing

sentence. The appeal brings up for review an order of protection issued at the time of sentencing.

Ordered that the judgment is affirmed.

The defendant's contention that his plea was not knowing and voluntary is unpreserved for appellate review since he failed to move to withdraw his plea (*see* CPL 470.05 [2]; *People v Johnson*, 73 AD3d 951 [2010]; *People v Vasquez*, 40 AD3d 1134 [2007]; *People v Wilson*, 37 AD3d 744, 745 [2007]). The narrow exception to the preservation rule, which arises when the defendant's plea recitation of the facts underlying the crime casts significant doubt on the defendant's guilt or otherwise calls into question the voluntariness of the plea (*see People v Lopez*, 71 NY2d 662 [1988]), is inapplicable in this case. In any event, the record of the plea proceeding establishes that the plea was knowing and voluntary (*see People v Elcine*, 43 AD3d 1176, 1177 [2007]).

The defendant has no basis to complain about the length of the sentence imposed, since the sentence was part of the negotiated plea bargain (*People v Gheradi*, 68 AD3d 892, 893 [2009]; *People v Rodriguez*, 32 AD3d 481 [2006]; *People v Kazepis*, 101 AD2d 816, 817 [1984]). In any event, the sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

Contrary to the defendant's contention, the Supreme Court did not improvidently exercise its discretion in determinating the duration of the final order of protection entered against him (*see* CPL 530.12 [5]).

Under the circumstances, the minimum period of postrelease supervision (hereinafter PRS) that the sentencing court could have imposed was $2^1/_2$ years (*see* Penal Law § 70.45 [2] [f]). Contrary to the defendant's contention, the Supreme Court did not misapprehend its sentencing discretion with respect to that period (*cf. People v Britt*, 67 AD3d 1023, 1024 [2009]). Moreover, the defendant specifically agreed to the imposed term of PRS during the plea proceeding.

By pleading guilty, the defendant forfeited his claim of ineffective assistance of counsel, raised in his supplemental pro se brief, to the extent that it does not directly involve the plea bargaining process (*see People v Perazzo*, 65 AD3d 1058 [2009]). Furthermore, the defendant's claim is based partially on matter dehors the record, which cannot be reviewed on direct appeal (*see People v Haynes*, 70 AD3d 718, 719 [2010]; *People v Rodriguez*, 32 AD3d 481 [2006]). To the extent that the claim can be reviewed on this appeal, the record reveals that the attorney who represented the defendant during the plea proceeding provided him with effective assistance (*see People v Benevento*,

91 NY2d 708, 712 [1998]; *People v Ford*, 86 NY2d 397, 404 [1995]; *People v Baldi*, 54 NY2d 137, 147 [1981]; *People v Holland*, 44 AD3d 874 [2007]).

The defendant's remaining contentions raised in his supplemental pro se brief are without merit (*see People v Hansen*, 95 NY2d 227 [2000]). Skelos, J.P., Angiolillo, Dickerson and Leventhal, JJ., concur.