■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AUDRA HARRIS, Appellant. [912 NYS2d 698]—

Appeals by the defendant from four judgments of the Supreme Court, Queens County (Grosso, J.), all rendered September 23, 2008, convicting her of (1) burglary in the second degree and criminal contempt in the first degree under indictment No. 2887/07, (2) identity theft in the third degree under indictment No. 92/08, (3) burglary in the third degree under superior court information No. 1528/08, and (4) falsely reporting an incident in the second degree under superior court information No. 1529/08, upon her pleas of guilty, and sentencing her to concurrent terms of imprisonment of 10 years with 5 years of postrelease supervision on the burglary in the second degree conviction, 1 to 3 years on the criminal contempt in the first degree conviction, 1 year on the identity theft in the third degree conviction, $2\frac{1}{3}$ years to 7 years on the burglary in the third degree conviction, and 1 to 3 years on the falsely reporting an incident in the second degree conviction.

Ordered that the judgments rendered under indictment No. 92/08 and superior court information No. 1529/08 are affirmed; and it is further,

Ordered that the judgment rendered under indictment No. 2887/07 is modified, on the facts and as a matter of discretion in the interest of justice, by reducing the term of imprisonment imposed on the conviction of burglary in the second degree from 10 years to 5 years; as so modified, the judgment rendered under indictment No. 2887/07 is affirmed; and it is further,

Ordered that the judgment rendered under superior court information No. 1528/08 is modified, as a matter of discretion in the interest of justice, by reducing the term of imprisonment imposed on the conviction of burglary in the third degree from $2\frac{1}{3}$ years to 7 years to $1\frac{1}{3}$ years to 4 years; as so modified, the judgment rendered under superior court information No. 1528/08 is affirmed.

Contrary to the defendant's contention, the Supreme Court properly imposed an enhanced sentence based on her violation of the plea agreements (see People v Knowlden, 43 AD3d 960 [2007]).

The defendant's contention, raised in her supplemental pro se brief, that her pleas were not knowing and voluntary, is unpreserved for appellate review since she failed to move to withdraw her pleas (see CPL 470.05 [2]; People v Johnson, 73 AD3d 951 [2010]). In any event, the record of the plea proceeding establishes that the pleas were knowing and voluntary (see People v Patel, 74 AD3d 1098, 1099 [2010]).

By pleading guilty, the defendant forfeited her claim of inef-

fective assistance of counsel, raised in her supplemental pro se brief, to the extent that it does not directly involve the plea bargaining process (*see People v Perazzo*, 65 AD3d 1058 [2009]). Furthermore, the defendant's claim is based partially on matter dehors the record, which cannot be reviewed on direct appeal (*see People v Patel*, 74 AD3d at 1099; *People v Haynes*, 70 AD3d 718, 719 [2010]). To the extent that the claim can be reviewed on this appeal, the record reveals that both the attorney who represented the defendant during the plea proceeding and the attorney who represented the defendant at sentencing provided her with effective assistance (*see People v Benevento*, 91 NY2d 708, 712 [1998]).

Under the circumstances of this case, the sentences imposed were excessive to the extent indicated herein.

The defendant's remaining contentions, raised in her supplemental pro se brief, are without merit (*see People v Hansen*, 95 NY2d 227 [2000]). Skelos, J.P., Balkin, Leventhal and Hall, JJ., concur.