The defendant validly waived his right to appeal. At the plea allocution, the Supreme Court sufficiently advised the defendant of the nature of the right to appeal, and the record establishes that the defendant knowingly, voluntarily, and intelligently waived that right (see People v Ramos, 7 NY3d 737 [2006]; cf. People v Bradshaw, 18 NY3d 257 [2011]).
Although a claim that a plea of guilty was not knowing, voluntary, and intelligent survives a valid waiver of the right to appeal (see People v Seaberg, 74 NY2d 1, 10 [1989]; People v Persaud, 109 AD3d 626 [2013], lv denied 22 NY3d 958 [2013]), the defendant’s contention that his plea of guilty was not knowingly, voluntarily, and intelligently entered is unpreserved for appellate review, since he did not move to withdraw his plea on this ground prior to the imposition of sentence (see CEL 220.60 [3]; People v Clarke, 93 NY2d 904, 906 [1999]; People v Devodier, 102 AD3d 884 [2013]). Moreover, the exception to the preservation requirement does not apply here, since the defendant’s recitation of the facts underlying the crime to which he pleaded guilty did not clearly cast significant doubt on his guilt, negate an essential element of the crime, or call into question the voluntariness of the plea (see People v Lopez, 71 NY2d 662, 666 [1988]). In any event, the defendant’s contention is without merit. The defendant’s plea agreement provided, among other *875 things, that he was to complete drug treatment. Thereafter, the parties and the Supreme Court learned that the defendant was the subject of an outstanding, pre-existing warrant from the State of Colorado which essentially prohibited the court from releasing the defendant to drug treatment. While the alleged impossibility of the defendant’s completion of drug treatment may have required that he be furnished with an opportunity to withdraw his plea, the record nevertheless demonstrates that the defendant subjected himself to an enhanced sentence by violating other conditions of the plea agreement (see People v Escalona, 300 AD2d 505 [2002]).
The defendant’s remaining contentions are without merit. Skelos, J.P., Leventhal, Lott and Cohen, JJ., concur.