■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES McINNIS, Appellant. [8 NYS3d 328]—Judgment, Supreme Court, Bronx County (Martin Marcus, J.), rendered June 14, 2012, convicting defendant, after a jury trial, of manslaughter in the first degree and assault in the first degree, and sentencing him to an aggregate term of 17 years, unanimously affirmed.

The verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). Defendant's accomplice liability could be reasonably inferred from the events leading up to the crime, as well as his conduct during and after the shooting (*see e.g. People v Cabey*, 85 NY2d 417 [1995]). In particular, at the time of the crime defendant made a hand movement or gesture toward his waist that lacked any innocent explanation.

The court properly denied defendant's mistrial motion based on the People's allegedly belated disclosure of the fact that two of their witnesses had made photographic identifications of the jointly tried codefendant's brother as present at the scene of the shooting. Defendant was on notice of these identifications, which were mentioned in a written decision, provided to defense counsel before trial, on the codefendant's application to present expert testimony on identification. In any event, at the latest, defendant learned of the identifications before cross-examination of the first of the two witnesses in question. The court granted defendant ample time to prepare for cross-examination, as well as offering additional remedies that defendant declined. Defendant has not demonstrated that his trial strategy would have been significantly different had he known before trial that witnesses would place the codefendant's brother at the scene. We have considered and rejected defendant's ineffective assistance of counsel argument relating to this issue.

We perceive no basis for reducing the sentence. Concur—Friedman, J.P., Acosta, Richter and Gische, JJ.