■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL J. TISSIERA, Appellant. [29 NYS3d 550]—Appeal by the defendant from a judgment of the County Court, Dutchess County (Greller, J.), rendered July 10, 2014, convicting him of criminal contempt in the first degree, aggravated criminal contempt, and aggravated family offense (two counts), upon his plea of guilty, and imposing sentence. Assigned counsel has submitted a brief in accordance with *Anders v California* (386 US 738 [1967]), in which she moves for leave to withdraw as counsel for the appellant.

Ordered that the motion of Yasmin Daley Duncan for leave to withdraw as counsel is granted, and she is directed to turn over all papers in her possession to the appellant's new counsel assigned herein; and it is further,

Ordered that Bruce A. Petitio, Esq., 2 Austin Court, Poughkeepsie, NY, 12603, is assigned as counsel to prosecute the appeal; and it is further,

Ordered that the respondent is directed to furnish a copy of the certified transcript of the proceedings to the appellant's new assigned counsel; and it is further,

Ordered that new counsel shall serve and file a brief on behalf of the appellant within 90 days of this decision and order on motion, and the respondent shall serve and file its brief within 30 days after the brief on behalf of the appellant is served and filed. By prior decision and order on motion of this Court dated January 21, 2015, the appellant was granted leave to prosecute the appeal as a poor person, with the appeal to be heard on the original papers, including a certified transcript of the proceedings, and on the briefs of the parties, who were directed to file nine copies of their respective briefs and to serve one copy on each other.

Upon this Court's independent review of the record, we conclude that there are nonfrivolous issues in this case, including, but not necessarily limited to, whether the purported waiver of the defendant's right to appeal was valid (*see generally People v Brown*, 122 AD3d 133, 141 [2014]; *People v Nugent*, 109 AD3d 625 [2013]; *People v Gheradi*, 68 AD3d 892, 893 [2009]) and, if such waiver is found to be invalid, whether the sentence imposed was excessive (*see generally People v Suitte*, 90 AD2d 80 [1982]). Accordingly, assignment of new counsel is warranted (*see People v Stokes*, 95 NY2d 633, 638 [2001]; *Mat-*

*ter of Giovanni S. [Jasmin A.]*, 89 AD3d 252 [2011]). Dillon, J.P., Austin, Maltese and Barros, JJ., concur.