■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRIAN T. JOSEPH, Appellant. [54 NYS3d 412]—Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Berkowitz, J., at plea; Quinn, J., at sentence), rendered April 29, 2015, convicting him of robbery in the first degree (seven counts), criminal possession of a weapon in the fourth degree, criminal possession of a weapon in the third degree (six counts), and criminal possession of stolen property in the fourth degree, upon his plea of guilty, and imposing sentence. Assigned counsel has submitted a brief in accordance with *Anders v California* (386 US 738 [1967]), in which he moves for leave to withdraw as counsel for the appellant.

Ordered that the motion of Stephen R. Mahler for leave to withdraw as counsel for the appellant is granted, and he is directed to turn over all papers in his possession to the appellant's new counsel assigned herein; and it is further,

Ordered that Judah Maltz, Esq., 125-10 Queens Boulevard, Suite 12, Kew Gardens, NY, 11415, is assigned as counsel to prosecute the appeal; and it is further,

Ordered that the respondent is directed to furnish a copy of the certified transcript of the proceedings to the appellant's new assigned counsel; and it is further,

Ordered that new counsel shall serve and file a brief on behalf of the appellant within 90 days of this decision and order on motion, and the respondent shall serve and file its brief within 30 days after the brief on behalf of the appellant is served and filed. By prior decision and order on motion of this Court dated August 4, 2015, the appellant was granted leave

to prosecute the appeal as a poor person, with the appeal to be heard on the original papers, including a certified transcript of the proceedings, and on the briefs of the parties, who were directed to file nine copies of their respective briefs and to serve one copy on each other.

The brief submitted by the defendant's assigned counsel pursuant to *Anders v California* (386 US 738 [1967]) is deficient. Although counsel noted that a nonfrivolous issue existed as to whether the defendant's appeal waiver was invalid, upon our independent review, we find that additional nonfrivolous issues exist. If, as counsel contends, the defendant's appeal waiver was invalid, there are other nonfrivolous issues including, but not limited to, whether the sentence imposed was excessive. Accordingly, assignment of new counsel is warranted (*see People v Stokes*, 95 NY2d 633, 638 [2001]; *People v Tissiera*, 138 AD3d 1040 [2016]). Dillon, J.P., Chambers, Sgroi, Maltese and Barros, JJ., concur.