People v Bridgers (2018 NY Slip Op 01475)





People v Bridgers


2018 NY Slip Op 01475


Decided on March 7, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 7, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
CHERYL E. CHAMBERS
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY, JJ.


2016-08936
 (Ind. No. 804/16)

[*1]The People of the State of New York, respondent,
v
Eric Bridgers, appellant.


Jillian S. Harrington, Staten Island, NY, for appellant.
Madeline Singas, District Attorney, Mineola, NY (Donald Berk and Brian Witthuhn of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Patricia A. Harrington, J.), rendered August 3, 2016, convicting him of aggravated unlicensed operation of a motor vehicle in the first degree, aggravated unlicensed operation of a motor vehicle in the second degree, aggravated unlicensed operation of a motor vehicle in the third degree, and operating a motor vehicle while under the influence of alcohol as a misdemeanor, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that his plea of guilty was involuntary, unknowing, and not intelligently entered is unpreserved for appellate review, since he failed to move to withdraw the plea before sentencing (see People v Tissiera, 138 AD3d 1040; People v Pryor, 11 AD3d 565). In any event, the plea was voluntarily, knowingly, and intelligently entered (see People v Fiumefreddo, 82 NY2d 536, 543; People v Lopez, 71 NY2d 662, 666; People v Harris, 61 NY2d 9, 17). Contrary to the defendant's contention, the Supreme Court's comments regarding his possible sentence exposure were he to proceed to trial were informative, not coercive (see People v Tavares, 103 AD3d 820, 820; see also People v Licausi, 122 AD3d 771, 773).
The defendant's remaining contention is without merit.
MASTRO, J.P., CHAMBERS, DUFFY and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court