People v Miller (2018 NY Slip Op 08149)





People v Miller


2018 NY Slip Op 08149


Decided on November 28, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 28, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
CHERYL E. CHAMBERS
JEFFREY A. COHEN
BETSY BARROS, JJ.


2006-05908
 (Ind. No. 10647/96)

[*1]The People of the State of New York, respondent,
v
Sally Miller, appellant.


Paul Skip Laisure, New York, NY (Angad Singh of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Victor Barall of counsel; Robert Ho on the memorandum), for respondent.



DECISION & ORDER
Appeal by the defendant, as limited by her motion, from a sentence of the Supreme Court, Kings County (Gloria Dabiri, J., at plea; Vincent M. Del Guidice, J., at sentence), imposed May 4, 2006, upon her plea of guilty, sentencing her to an indeterminate term of imprisonment of two to six years, on the ground that the sentence was excessive.
ORDERED that the sentence is modified, as a matter of discretion in the interest of justice, by reducing the term of imprisonment from an indeterminate term of imprisonment of two to six years to an indeterminate term of imprisonment of one to three years.
The defendant's purported waiver of her right to appeal was invalid (see People v Bradshaw, 18 NY3d 257, 264; People v Hurd, 44 AD3d 791). The record does not demonstrate that the defendant understood the distinction between the right to appeal and the other trial rights which are forfeited incident to a plea of guilty (see People v Kupershmidt, 152 AD3d 797, 798; People v Burnett-Hicks, 133 AD3d 773). Furthermore, the written waiver form used by the court was invalid (see People v Hurd, 44 AD3d at 792). Thus, the purported waiver does not preclude appellate review of the defendant's excessive sentence claim.
The sentence was excessive to the extent indicated herein (see People v Suitte, 90 AD2d 80).
LEVENTHAL, J.P., CHAMBERS, COHEN and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court