People v Brisee (2020 NY Slip Op 51214(U))

[*1]

People v Brisee (Steven)

2020 NY Slip Op 51214(U) [69 Misc 3d 132(A)]

Decided on October 8, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on October 8, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : BRUCE E. TOLBERT, J.P., JERRY GARGUILO, TERRY JANE
RUDERMAN, JJ

2018-1832 W CR

The People of the State of New York,
Respondent, 
against
Steven M. Brisee, Appellant. 

John P. Savoca, for appellant.
Westchester County District Attorney, for respondent (no brief filed).

Appeal from a judgment of conviction of the Justice Court of the Town of Harrison,
Westchester County (Daniel D. Angiolillo, J.), rendered August 7, 2018. The judgment convicted
defendant, upon his plea of guilty, of criminal trespass in the second degree, and imposed
sentence. Assigned counsel has submitted a brief in accordance with Anders v California (386
US 738 [1967]), seeking leave to withdraw as counsel.

ORDERED that the appeal is held in abeyance, the application by assigned counsel for leave
to withdraw as counsel is granted and new counsel is assigned pursuant to article 18-B of the
County Law to prosecute the appeal;
Steven A. Feldman, Esq.
Feldman and Feldman
1129 Northern Boulevard
Manhasset, NY 11030.
Relieved counsel is directed to turn over all papers in his possession to the newly assigned
counsel. New counsel is directed to serve and file a brief within 90 days after the date [*2]of this order and decision. The People may serve and file a
respondent's brief within 21 days after the service upon them of the appellant's brief. Appellant's
new counsel, if so advised, may serve and file a reply brief within seven days after service of the
respondent's brief.
Assigned counsel submitted an Anders brief setting forth the conclusion that there
exist no nonfrivolous issues that could be raised on appeal (see Anders v California, 386
US 738 [1967]). A review of the record, however, reveals at least two intertwined nonfrivolous
issues, namely, "whether the purported waiver of the defendant's right to appeal was valid and, if
such waiver is found to be invalid, whether the sentence imposed was excessive" (People v
Tissiera, 138 AD3d 1040, 1040 [2016] [citations omitted]).
We, therefore, hold the appeal in abeyance, grant assigned counsel's application to withdraw
as counsel and assign new counsel to ascertain whether defendant desires to raise the issue set
forth above, and to prosecute the appeal on defendant's behalf with respect to this issue or any
other issue that can be identified.
TOLBERT, J.P., GARGUILO and RUDERMAN, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: October 8, 2020