People v McKenny (2021 NY Slip Op 00913)





People v McKenny


2021 NY Slip Op 00913


Decided on February 11, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 11, 2021

Before: Acosta, P.J., Kapnick, Singh, Mendez, JJ. 


Ind No. 1592/17 1592/17 Appeal No. 13099 Case No. 2018-3030 

[*1]The People of the State of New York, Respondent,
v
Timothy McKenny, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Allison N. Kahl of counsel) and White and Case, LLP, New York (Andrew Scheperle of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Michael J. Yetter of counsel), for respondent.



Judgment, Supreme Court, New York County (Abraham L. Clott, J.), rendered June 21, 2018, convicting defendant, after a jury trial, of two counts of robbery in the second degree, and sentencing him, as a second violent felony offender, to concurrent terms of nine years, unanimously affirmed.
The verdict was supported by legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342 [2007]). Furthermore, the court properly declined to charge petit larceny as a lesser included offense. There was no reasonable view of the evidence, viewed in the light most favorable to defendant, that he simply aided the codefendant in a street fight with the victim, without larcenous intent, or that defendant stole the victim's property as a mere afterthought following the codefendant's independent use of force. Instead, the incident, which was depicted on surveillance videotape, may only be reasonably understood as a robbery committed by two persons with a shared intent and community of purpose (see e.g. Matter of Juan J., 81 NY2d 739 [1992]; People v Allah, 71 NY2d 830 [1988]).
The court providently exercised its discretion in declining to preclude, on the ground of lack of pretrial disclosure, certain statements defendant made to a police officer. The statements "constituted [] res gestae statement[s]" (People v McLean, 128 AD3d 1094, 1097 [2d Dept 2015], lv denied 27 NY3d 1071 [2016]); that were "in the course of the criminal transaction" and thus not discoverable under former CPL 240.20(1)(a). In any event, unlike the situation (not at issue here) of an unnoticed statement covered by the notice requirement of CPL 710.30(1)(a), preclusion of evidence for a CPL article 240 discovery violation is discretionary. Even if the statements at issue were deemed discoverable, the drastic sanction of preclusion would not have been warranted because defendant was not significantly prejudiced under all the circumstances, and there was no indication of prosecutorial bad faith (see People v Jenkins, 98 NY2d 280, 284 [2002]). For similar reasons, any error in admitting the statements was harmless, since the codefendant testified he knew defendant, although not well.
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 11, 2021