People v Jennings (2021 NY Slip Op 06060)





People v Jennings


2021 NY Slip Op 06060


Decided on November 04, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 04, 2021

Before: Gische, J.P., Mazzarelli, Shulman, Pitt, Higgitt, JJ. 


Ind No. 1592/17 Appeal No. 14526 Case No. 2018-4616 

[*1]The People of the State of New York, Respondent,
v
Dennis Jennings, Defendant-Appellant.


Caprice R. Jenerson, Office of the Appellate Defender, New York (Joseph M. Nursey of counsel), and Cravath, Swaine & Moore LLP, New York (Jesse M. Weiss of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Michael J. Yetter of counsel), for respondent.



Judgment, Supreme Court, New York County (Abraham L. Clott, J.), rendered June 21, 2018, convicting defendant, after a jury trial, of two counts of robbery in the second degree, and sentencing him, as a second felony offender, to concurrent prison terms of 15 years, unanimously affirmed.
Defendant's legal sufficiency claims are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we reject them on the merits. We also find that the verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations (see id.; People v Bleakley, 69 NY2d 490, 495 [1987]). As we concluded in a different context on the codefendant's appeal, "the incident, which was depicted on surveillance videotape, may only be reasonably understood as a robbery committed by two persons with a shared intent and community of purpose" (People v McKenny, 191 AD3d 510, 511 [1st Dept 2021], lv denied 36 NY3d 1121 [2021]). The record supports the jury's rejection of defendant's version of the incident, where he claimed his intent was to recover his own property, which he believed to have been taken by the victim. The evidence also established the physical injury element of second-degree robbery under Penal Law § 160.10 (2)(a) (see generally People v Chiddick, 8 NY3d 445, 447 [2007]; People v Guidice, 83 NY2d 630, 636 [1994]).
Defendant did not preserve his claim that the court erred in declining to preclude, on the ground of lack of pretrial disclosure, certain statements by the codefendant bearing on the relationship between the two defendants, and we decline to review it in the interest of justice. As an alternative holding, we reject it for the reasons stated by this Court in rejecting a similar argument made by the codefendant (McKenny, 191 AD3d at 511).
We perceive no basis for reducing the sentence. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 4, 2021