People v Waksal (2022 NY Slip Op 50380(U))

[*1]

People v Waksal (Samuel)

2022 NY Slip Op 50380(U) [75 Misc 3d 129(A)]

Decided on April 28, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on April 28, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : TIMOTHY S. DRISCOLL, J.P., JERRY GARGUILO, ELIZABETH H.
EMERSON, JJ

2020-820 S CR

The People of the State of New York,
Respondent,
against
Samuel D. Waksal, Appellant. 

Lavallee Law Offices, PLLC (Keith A. Lavallee of counsel), for appellant.
Suffolk County Traffic Prosecutor's Office (Justin W. Smiloff of counsel), for respondent.

Appeal from a judgment of the District Court of Suffolk County, Suffolk County Traffic and
Parking Violations Agency (John F. Riley, J.H.O.), rendered August 27, 2020. The judgment
convicted defendant, after a nonjury trial, of speeding, and imposed sentence. The appeal brings
up for review an order of that court rendered August 27, 2020 denying defendant's motions
seeking to dismiss the accusatory instrument on, respectively, discovery and statutory speedy trial
grounds.

ORDERED that the judgment of conviction is affirmed.
Defendant was arraigned on February 25, 2020 on a simplified traffic information charging
him with speeding (Vehicle and Traffic Law § 1180 [b]). A nonjury trial was held on
August 27, 2020. That day, immediately prior to the start of trial, the People presented the
defense with discovery documents consisting of a copy of the uniform traffic ticket, a supporting
deposition, the trooper's notes and a photograph of defendant's driver's license.
Assuming without deciding that, as defendant argues, the People violated their discovery
obligation to him, it "did not prejudice [] defendant" (People v Rattray, 259 AD2d 569,
569 [*2][1999]; see People v Collins, 106 AD3d 1544, 1546 [2013]), and
"[d]efendant has not demonstrated that his trial strategy would have been significantly different"
had he received the discovery material sooner (People v McInnis, 128 AD3d 448, 448 [2015]). Defendant declined
the District Court's reasonable offer of additional time to review the documents (see CPL
245.80 [1] [a] ["When material or information is discoverable under this article but is disclosed
belatedly, the court shall impose an appropriate remedy or sanction if the party entitled to
disclosure shows that it was prejudiced"]; cf. People v McKenny, 191 AD3d 510, 510 [2021]). The lack of
prejudice is further illustrated by defense counsel's unequivocal declaration to the District Court
that, despite having just received the discovery, the defense was prepared to proceed immediately
to trial. Defendant's further claim, that there existed additional discoverable material that was
never turned over to the defense, is "substantially based on matter dehors the record, which
cannot be reviewed on direct appeal" (People v Knowlden, 43 AD3d 960, 960-961 [2007]). Thus, the
District Court properly denied defendant's motion to dismiss based on discovery violations.
Defendant also protests the District Court's denial of his motion to dismiss the matter on
statutory speedy trial grounds, which he made orally (but see CPL 210.45 [1]; People
v Lawrence, 64 NY2d 200, 203 [1984]; People v Bowman, 65 Misc 3d 126[A], 2019 NY Slip Op
51488[U], *1 [App Term, 1st Dept 2019] [recognizing the applicability of CPL 210.45 [1]) on
the eve of trial. Although the current CPL 30.30 statute that went into effect on January 1, 2020
incorporates traffic infractions as an "offense" under its ambit (CPL 30.30 [1] [e]), it only does so
when the charges include at least one felony, misdemeanor or violation in addition to a traffic
infraction (see CPL 30.30 [1] [a] - [e]). Thus, the speedy trial statute remains inapplicable
where, as here, only a traffic infraction is charged in the accusatory instrument. Consequently, the
District Court correctly denied defendant's motion to dismiss the simplified traffic information on
statutory speedy trial grounds.
Defendant's constitutional speedy trial claim on appeal is unpreserved, and we decline to
review it as a matter of discretion in the interest of justice. In any event, it is unavailing as "the
extent of the delay" is not particularly egregious in light of the fact that "the reason for the delay"
was at least partially attributable to the COVID-19 pandemic, and there is no "indication that the
defense has been impaired by reason of the delay" (People v Taranovich, 37 NY2d 442,
445 [1975]).
A New York State Trooper was the sole trial witness. He testified that, on November 9,
2019, he was on patrol on the Northern State Parkway, which has a speed limit of 55 miles per
hour (mph), when he observed defendant's vehicle and visually estimated, as he was trained to do
in the New York State Police Academy, that it was traveling at a rate of 100 mph. He confirmed
his visual estimate using a radar unit that clocked defendant traveling between 98 and 101 mph.
Over defendant's objection, the trooper testified that defendant said he was going to visit his
father in the hospital and that his mind was somewhere else.
Viewing the trial evidence in the light most favorable to the People, we are satisfied that
[*3]defendant's conviction was based upon legally sufficient
evidence. Defendant's claim that the trooper's ability to estimate vehicular speeds may have
diminished since his time at the Police Academy is completely speculative and fails to take into
account the fact that the visual estimate was confirmed by radar (see People v Knight, 72
NY2d 481 [1988]; People v Dusing, 5 NY2d 126, 127-128 [1959]). Furthermore, "[i]t is
well settled that even the uncorroborated testimony of a qualified police officer as to a vehicle's
rate of speed is legally sufficient to support a conviction of violating section 1180 of the Vehicle
and Traffic Law so long as 'the variance between the estimated speed and maximum permissible
speed is sufficiently wide so that . . . [the fact finder] may be certain beyond a reasonable doubt
that [] defendant exceeded the permissible limit' " (People v Kogosov, 15 Misc 3d 139[A], 2007 NY Slip Op
50944[U], * 1 [App Term, 2d Dept, 9th & 10th Jud Dists 2007], quoting People v
Olsen, 22 NY2d 230, 232 [1968]). 
Defendant's concomitant claim, that the radar unit may have registered the speed of another
vehicle that the trooper incorrectly accorded to defendant's, is equally unavailing. The trooper
testified that defendant's vehicle was nearly one-third of a mile away from the nearest vehicle,
and there is no basis for doubting that the trooper was looking specifically at defendant's vehicle
while visually estimating its speed prior to using the radar unit. Defendant's conviction was also
not against the weight of the evidence.
Defendant further contends on appeal that the District Court erred by overruling his objection
to the trooper testifying about allegedly unnoticed statements attributed to defendant (see
CPL 710.30 [1] [a]). However, even assuming that admission of the statements was error, it was
harmless since " 'the proof of [] defendant's guilt, without reference to the error, is overwhelming'
and [] there is no 'significant probability . . . that the [factfinder] would have acquitted the
defendant had it not been for the error' " (People v Arafet, 13 NY3d 460, 467 [2009], quoting People v
Crimmins, 36 NY2d 230, 241-242 [1975]).
Following the trial, the court sentenced defendant to a $500 fine, which defendant now
complains is excessive. According to defendant's Department of Motor Vehicles driving record,
he was convicted in 2017 of driving 15 mph over the speed limit in Manhattan, and at the time of
sentencing there was another, still-pending speeding case against defendant in the County of
Suffolk. Under the circumstances presented, we do not believe that the $500 fine, which was
$250 less than the $750 maximum fine the court could have imposed (see Vehicle and
Traffic Law § 1180 [h] [1] [iii]; [5]), was excessive.
Accordingly, the judgment of conviction is affirmed.
DRISCOLL, J.P., GARGUILO and EMERSON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: April 28, 2022