THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OSWALDO PAUGAM, Appellant. [871 NYS2d 328]

At sentencing, the defendant asked the court to consider directing that the sentence imposed in the instant case run concurrently with his undischarged sentence imposed on a prior conviction. The defendant noted that the Justice who accepted his plea of guilty in this case had stated that, although he would not promise to impose such concurrent sentences, he would not foreclose the possibility of doing so. The sentencing court advised the defendant that, despite the impression he was given by the court at the plea proceeding, his status as a second violent felony offender precluded concurrent sentencing; his present sentence was required by law to run consecutive to his prior undischarged sentence (*see* Penal Law § 70.25 [2-a]). The sentencing court then asked the defendant whether he nonetheless wished to go forward with the sentencing proceeding, and the defendant and his attorney both responded in the affirmative. Since the defendant chose to proceed with the sentencing instead of moving to withdraw his plea of guilty, he waived his current contention that he should be permitted to withdraw his plea (*see People v Watson,* 287 AD2d 889 [2001]).

The defendant's contention that he was denied the effective assistance of counsel because his attorney failed to move to withdraw his plea of guilty is without merit (*see Strickland v Washington,* 466 US 668 [1984]; *People v Baldi,* 54 NY2d 137 [1981]). There is nothing in the record to indicate that, under the circumstances of this case, the decision to proceed under the existing plea was disadvantageous to the defendant.

To the extent that the defendant asserts that his attorney was ineffective in that he failed to properly advise the defendant regarding the option of withdrawing his plea, this contention is based on matter outside the record, and therefore cannot be reviewed on direct appeal from the judgment of conviction (*see People v Olson,* 35 AD3d 890 [2006]; *People v Spotards,* 23 AD3d 586 [2005]; *People v Krebs,* 11 AD3d 713 [2004]). Prudenti, P.J., Dillon, Eng and Leventhal, JJ., concur.