■ The People of the State of New York, Respondent, v Andre Moore, Also Known as Andre Coulter, Appellant. [924 NYS2d 297]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Chun, J.), rendered October 30, 2007, convicting him of conspiracy in the fourth degree and attempted criminal sale of a controlled substance in the fifth degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The hearing court properly concluded that probable cause existed for the defendant's arrest based on the information received by the police from a confidential informant and the observations of a detective who monitored a controlled drug buy. Contrary to the defendant's contention, the confidential informant's reliability was amply established based on the circumstances surrounding the controlled drug buy and the detective's observations (*see People v Rolle*, 72 AD3d 1393, 1395-1396 [2010]; *People v Flowers*, 59 AD3d 1141 [2009]; *People v Folk*, 44 AD3d 1095 [2007]; *People v Glover*, 23 AD3d 688, 688-689 [2005]). Further, the defendant's contention that the confidential informant's identity should have been disclosed at the suppression hearing is without merit under the circumstances of this case (*see People v Serrano*, 93 NY2d 73, 77 [1999]; *People v Salgado*, 57 NY2d 662, 663-664 [1982]; *People v Goggins*, 34 NY2d 163, 169-170 [1974], *cert denied* 419 US 1012 [1974]; *People v Carpenito*, 171 AD2d 45, 50 [1991], *affd* 80 NY2d 65, 68 [1992]). Accordingly, the Supreme Court properly denied that branch of the defendant's omnibus motion which was to suppress physical evidence.

The defendant's contention that he received ineffective assistance of counsel, insofar as it is based on his former counsel's failure to move to withdraw his guilty plea on the ground of preindictment prosecutorial misconduct, rests on matter dehors the record and is not reviewable on direct appeal (*see People v Drago*, 50 AD3d 920 [2008]; *People v DeLuca*, 45 AD3d 777 [2007]). Insofar as the claim of ineffective assistance of counsel is reviewable on the record before this Court, we find that counsel provided the defendant with meaningful representation (*see People v Ford*, 86 NY2d 397, 404 [1995]; *People v Silent*, 37 AD3d 625 [2007]).

The remaining contentions raised in the defendant's pro se supplemental brief either were waived upon his plea of guilty (*see People v Di Raffaele*, 55 NY2d 234 [1982]), or are without merit. Mastro, J.P., Hall, Lott and Cohen, JJ., concur.