People v Black (2018 NY Slip Op 03534)





People v Black


2018 NY Slip Op 03534


Decided on May 16, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 16, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SHERI S. ROMAN, J.P.
HECTOR D. LASALLE
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2016-08070

[*1]The People of the State of New York, respondent,
v
Marcus Black, appellant. (S.C.I. No. 103/14)


Salvatore C. Adamo, New York, NY, for appellant.
William V. Grady, District Attorney, Poughkeepsie, NY (Kirsten A. Rappleyea of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Dutchess County (Peter M. Forman, J.), rendered July 19, 2016, convicting him of grand larceny in the fourth degree and petit larceny, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
Contrary to the defendant's contention, the County Court properly determined, after a hearing, that the defendant violated the terms of a cooperation agreement (see People v Outley, 80 NY2d 702, 713; People v Warde, 45 AD3d 879, 879-880).
The defendant's contention that his attorney was ineffective for failing to move to withdraw his plea is based, in part, on matter outside the record and, thus, constitutes a mixed claim of ineffective assistance (see People v Maxwell, 89 AD3d 1108, 1109; see also People v Moore, 84 AD3d 1411, 1412; People v Paugam, 57 AD3d 1012, 1012). In this case, it is not evident from the matter appearing on the record that the defendant was deprived of the effective assistance of counsel (see People v Murray, 154 AD3d 881, 883). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety (see People v Maxwell, 89 AD3d at 1109).
The defendant was properly sentenced as a second felony offender (see CPL 400.15; People v Johnson, 157 AD3d 817). The County Court's failure to make a formal inquiry as to whether the defendant wished to controvert the allegations of the second felony offender statement was a harmless oversight (see People v McAllister, 47 AD3d 731, 731-732; see also People v Sanabria, 110 AD3d 1010).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
ROMAN, J.P., LASALLE, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court