People v Sauve (2020 NY Slip Op 03147)





People v Sauve


2020 NY Slip Op 03147


Decided on June 4, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 4, 2020

110025

[*1]The People of the State of New York, Respondent,
v
Dennis Sauve, Appellant.

Calendar Date: May 21, 2020

Before: Egan Jr., J.P., Mulvey, Aarons, Pritzker and Colangelo, JJ.


Lisa A. Burgess, Indian Lake, for appellant.
Craig P. Carriero, District Attorney, Malone (Jennifer M. Hollis of counsel), for respondent.



Mulvey, J.
Appeal from a judgment of the County Court of Franklin County (Richards, J.), rendered November 27, 2017, which revoked defendant's probation and imposed a sentence of imprisonment.
In May 2016, defendant pleaded guilty to one count each of grand larceny in the third degree, welfare fraud in the third degree and misuse of food stamps, as well as to 51 counts of falsifying business records in the first degree, and was sentenced to five years of probation. Defendant subsequently was charged with violating numerous terms and conditions of his probation, including failing to report and using illegal substances. Defendant agreed to make certain admissions with the understanding that County Court would revoke his probation and impose a two-year sentence of incarceration. Following defendant's admission, however, County Court, upon again reviewing the presentence investigation report, indicated that it could not honor its sentencing commitment at that time and adjourned the matter for further proceedings, advising defendant that he would be afforded an opportunity to withdraw his admission should the court ultimately be unable to impose the originally promised sentence. Additional discussions ensued, whereupon County Court advised that it would impose an aggregate prison term of 3 to 9 years; in response, defense counsel reiterated that defendant had not withdrawn his previous admission and indicated that the proposed sentence was agreeable, following which the matter was adjourned for sentencing. County Court subsequently revoked defendant's probation and sentenced him to an aggregate prison term of 3 to 9 years. This appeal ensued.
Defendant's sole argument upon appeal is that County Court erred in revoking his probation and imposing an enhanced sentence without first affording him an opportunity to withdraw his admission to violating the terms of his probation. The record reflects that when County Court advised defendant on November 13, 2017 (the first adjourned date following defendant's admission) that the sentence to be imposed would be an aggregate prison term of 3 to 9 years, defense counsel indicated that such sentence was agreeable and reminded the court that defendant had not elected to withdraw his admission. When defendant appeared for sentencing two weeks later, County Court, prior to imposing sentence, confirmed that defendant was "standing by his [prior] admission to having violated his probationary sentence" and understood that the sentence to be imposed would be an aggregate prison term of 3 to 9 years, to which defense counsel responded, "That's correct." Simply put, defendant was well aware of his right to withdraw his admission to violating the terms of his probation, he had ample opportunity to do so prior to County Court imposing the enhanced sentence and defense counsel repeatedly assured County Court that defendant wished to proceed with sentencing (compare People v Lewis, 98 AD3d 1186, 1186-1187 [2012]). As defendant effectively acquiesced to the enhanced sentence imposed and did not otherwise raise any objection thereto, he cannot now be heard to complain (see People v McEachern, 68 AD3d 1357, 1358 [2009]; People v Paugam, 57 AD3d 1012, 1012 [2008], lv denied 12 NY3d 857 [2009]; People v Watson, 287 AD2d 889, 890 [2001], lv denied 97 NY2d 689 [2001]), and we decline defendant's invitation to take corrective action in the interest of justice. Accordingly, the judgment of conviction is affirmed.
Egan Jr., J.P., Aarons, Pritzker and Colangelo, JJ., concur.
ORDERED that the judgment is affirmed.